Derry **ASHLEY, Jr.,** Appellant,

v.

Anthony J. **PRINCIPI,** Acting Secretary of Veterans Affairs, Appellee.

No. 91–582.

United States Court of Veterans Appeals.

Jan. 19, 1993.

Before STEINBERG, Associate Judge.

MEMORANDUM DECISION

STEINBERG, Associate Judge.

■ The appellant, World War II era veteran Derry Ashley, Jr., appeals from a February 7, 1991, decision of the Board of Veterans' Appeals (BVA or Board) denying service-connected disability compensation for a back disorder. *Derry Ashley, Jr.*, BVA 91–04062 (Feb. 7, 1991). The Secretary of Veterans Affairs (Secretary) has moved for summary affirmance. Summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). The Court will affirm the Board's decision.

The veteran served on active duty in the U.S. Army from March 28, 1944, to November 26, 1944. R. at 126. His entrance examination was negative for back problems. Shortly after his entry into service, he was treated for complaints of back pain. R. at 3, 9. Service medical records from that treatment indicate a history of back injury prior to service. R. at 4, 13. Army physicians diagnosed the condition as scoliosis existing prior to the veteran's entry into service. R. at 11, 25, 27.

■ The veteran's claim for service connection of his back condition was denied by prior final Board decisions in November 1977 and December 1981. R. at 75, 103. Pursuant to 38 U.S.C. § 5108 (formerly

§ 3008), the Secretary must reopen a previously and finally denied claim when "new and material evidence" is presented or secured with respect to that claim. *See also* 38 U.S.C. § 7104(b) (formerly § 4004). On claims to reopen previously and finally denied claims, the BVA must conduct a two-step analysis. *See Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991). First, it must determine whether the evidence presented or secured since the prior final disallowance of the claim is "new and material". If it is, the Board must then review the new evidence "in the context of" the old to determine whether the prior disposition of the claim should be altered. *Jones (McArthur) v. Derwinski*, 1 Vet.App. 210, 215 (1991).

■ It is unclear whether the Board, in its February 1991 decision, conducted the first part of this analysis and concluded that the evidence submitted since the prior BVA decision was new and material. The determination as to whether evidence is "new and material" is a conclusion of law which this Court reviews de novo under 38 U.S.C. § 7261(a)(1) (formerly § 4061). *See Masors v. Derwinski*, 2 Vet.App. 181, 185 (1992); *Jones*, 1 Vet.App. at 213; *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). Evidence is new if it is not "merely cumulative" of evidence already in the record. *Colvin, supra.* Evidence is "material" if it is "relevant and probative" and there is "a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Masors, supra; Godwin v. Derwinski*, 1 Vet.App. 419, 424 (1991); *Colvin, supra.* In making the threshold determination under *Manio, supra,* the credibility of the evidence in support of the claim is to be "presumed". *Justus v. Principi*, 3 Vet.App. 510, 513 (1992).

■ The Court holds that the veteran has submitted new and material evidence. In support of his previous claims, the veteran had submitted records of treatment by private physicians for a back disability since service (R. at 37–60, 73, 80–97) and lay statements indicating that he did not have any back problems prior to service (R.

at 70–72), and had testified under oath before a Veterans' Administration (now Department of Veterans Affairs) regional office (RO) in 1976 and 1981 that he had not had any back problems prior to service and that his back problems had begun in service after he had undergone a spinal tap and had subsequently injured his back lifting poles (R. at 64–69, 92–102). In support of his current claim, the veteran has submitted records of recent medical treatment by private physicians for a back condition (R. at 108, 112–16) and a letter from a person who had employed the veteran in 1938 or 1939 indicating that the veteran did not then have any back problems (R. at 110), and has testified under oath at an August 27, 1990, hearing before the RO that he had not had back problems prior to service and that he had injured his back in service lifting an artillery shell (R. at 126–38). The veteran's sworn 1990 testimony that he had injured his back lifting an artillery shell in service is "new" because there had not been any evidence of such an accident at the time of the prior BVA decisions. It is "material" because it is "relevant and probative" and, if believed as it must be presumptively for this threshold determination, it creates a reasonable possibility of changing the outcome of the prior decisions.

■ Therefore, the Board was required to reopen the claim and to readjudicate it on the basis of all the evidence, both old and new, and to provide an adequate statement of reasons or bases for its conclusions, including its determinations as to the credibility and probative value of the evidence supporting the appellant's claim. It is clear that the Board did base its decision on all of the evidence. The Board listed both the old and new evidence as evidence it had considered, and stated: "The Board has evaluated the evidence of record in light of the contentions presented on appeal, and the testimony provided by the veteran at a hearing conducted by the originating agency." *Ashley*, BVA 91–04062, at 3–4, 6. The Board concluded that there was no evidence that the veteran's back injury was incurred in or aggravated by his

service. *Id.* at 6. The Board rejected the veteran's 1990 testimony that he had had no back injury prior to service and had injured his back lifting an artillery shell in service, on the grounds that the veteran's claimed in-service injury was "neither substantiated nor corroborated by [the previously submitted] contemporaneous medical evidence on file" and that the previously submitted service records indicated that the veteran had sustained a back injury prior to service. *Ibid.*

The Court reviews BVA factfinding under a "clearly erroneous" standard. *See* 38 U.S.C. § 7261(a)(4) (formerly § 4061). "[I]f there is a 'plausible' basis in the record for the factual determinations of the BVA, even if this Court might not have reached the same factual determinations, we cannot overturn them." *Gilbert v. Derwinski,* 1 Vet.App. 49, 53 (1990). The Court holds that the BVA's conclusions are not subject to reversal because there is a plausible basis in the record for them.

Upon consideration of the record, the appellant's informal brief, and the Secretary's motion for summary affirmance, the Court holds that the appellant has not demonstrated that the BVA committed error, in its findings of fact, conclusions of law, procedural processes, consideration of the benefit-of-the-doubt rule, or articulation of reasons or bases, that would warrant remand or reversal under 38 U.S.C. §§ 7252, 5107(b), 7104(d)(1) (formerly §§ 4052, 3007, 4004), 7261 and the analysis in *Gilbert, supra.* The Court grants the Secretary's motion for summary affirmance and summarily affirms the February 7, 1991, BVA decision.

AFFIRMED.