Citation Nr: 1456931 
Decision Date: 12/31/14 Archive Date: 01/09/15

DOCKET NO. 10-03 393 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUES

1. Whether new and material evidence has been received to reopen a previously denied claim of entitlement to service connection for a right shoulder disability, claimed as right shoulder dislocation.

2. Entitlement to service connection for a right shoulder disability.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

N. Nelson, Associate Counsel



INTRODUCTION

The Veteran served on active duty from June 1983 to July 1987.

This matter come before the Board of Veterans' Appeals (Board) on appeal from a May 2009 rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Sioux Falls, South Dakota, which determined that new and material evidence had not been received to reopen a claim for service connection for a right shoulder dislocation.

The Board notes that it previously considered this appeal in July 2013 and remanded the claim for additional development. The RO was instructed to request that the Veteran complete an updated VA Form 21-4142 regarding past treatment at Linderman Chiropractic for his right shoulder disorder. The Board finds that the agency of original jurisdiction substantially complied with the mandates of the remand. The Veteran was sent a letter requesting that he send any treatment records in his possession from Linderman Chiropractic, or to complete and return VA Form 21-4142, giving VA authorization to obtain the records on the Veteran's behalf. The Veteran did not submit any records, nor did he return the form. The Board is satisfied that there has been substantial compliance with the remand directives and will proceed with review. See Stegall v. West, 11 Vet. App. 268 (1998).

The Board also notes that although the Veteran requested a hearing before the Board, he failed to report to two scheduled hearings. A hearing was scheduled in March 2011, but the Veteran failed to report to the hearing without explanation. Another hearing was scheduled for May 2013, but the Veteran again failed to report to the hearing without explanation. Accordingly, the Board will proceed as if the hearing request had been withdrawn.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.



FINDINGS OF FACT
 
1. The claim for service connection for a right shoulder disability was previously denied by a final December 2000 rating decision. The Veteran was notified of this decision in February 2001, but did not perfect an appeal of either decision.
 
2. The evidence received since the December 2000 rating decision is new in that it is not cumulative and was not previously considered by decision makers. The evidence is also material because it raises a reasonable possibility of substantiating the Veteran's claim.


CONCLUSIONS OF LAW
 
New and material evidence has been received to reopen the claim for service connection for a left foot disability. 38 U.S.C.A. §§ 5103, 5103A, 5108, 7105 (West 2014); 38 C.F.R. § 3.156, 3.159, 20.1103 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), the VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2014). 

In the present case, the RO sent a notification letters to the Veteran dated in April 2009. See 38 C.F.R. § 3.159. Although this letter is not compliant with Kent v. Nicholson, 20 Vet. App. 1 (2006), such error is harmless as the Board is reopening the claim for service connection. 


New and Material Evidence

The Veteran seeks service connection for a right shoulder disability. A claim for service connection for a right shoulder dislocation was previously denied by the Waco, Texas RO in December 2000 and the Veteran was notified of the decision in February 2001. The claim was denied because the Veteran's current right shoulder condition neither occurred in nor was it caused by his service. The rating decision explained that although service records showed a slight widening of the acromioclavicular joint of the right shoulder, x-rays showed no evidence of acute fracture and there were no further complaints during service. The RO further noted that records failed to establish a relationship between any current findings and any disease or injury during service. The Veteran filed a notice of disagreement and a statement of the case was issued in February 2002; however, the Veteran did not perfect an appeal of the denial. Accordingly, the December 2000 rating decision became final. 38 U.S.C.A. § 7105; 38 C.F.R. §§ 20.302, 20.1103 (2014).

As such, the Veteran's claims may be reopened only if new and material evidence has been secured or presented since the last final rating decisions. 38 U.S.C.A. § 7104(b); see Glynn v. Brown, 6 Vet. App. 523, 527 (1994).

As a general rule, a claim shall be reopened and reviewed if new and material evidence is presented or secured with respect to a claim that is final. 38 U.S.C.A. § 5108; 38 C.F.R. § 3.156. Under 38 C.F.R. § 3.156(a), new evidence means evidence not previously submitted to agency decision makers. Material evidence means evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. 38 C.F.R. § 3.156(a). New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened and must raise a reasonable possibility of substantiating the claim. Id. 

The threshold for determining whether new and material evidence raises a reasonable possibility of substantiating a claim is "low." See Shade v. Shinseki, 24 Vet. App. 110, 117 (2010). In determining whether this low threshold is met, VA should not limit its consideration to whether the newly submitted evidence relates specifically to the reason why the claim was last denied, but instead should ask whether the evidence could reasonably substantiate the claim were the claim to be reopened, including by triggering VA's duty to assist. Id. at 118. Moreover, the Veteran need not present evidence as to each element that was a specified basis for the last disallowance, but merely new and material evidence as to at least one of the bases of the prior disallowance. Id. at 120 (noting the assistance of 38 C.F.R. § 3.159(c)(4) would be rendered meaningless if new and material evidence required a claimant submit medical nexus evidence when he has provided new and material evidence as to another missing element). In determining whether evidence is new and material, the credibility of the new evidence is presumed. Justus v. Principi, 3 Vet. App. 510, 513 (1992).

As noted above, the claim for a right shoulder disability was previously denied as there was no evidence of a nexus between any current disability and service. 

Subsequent to the December 2000 rating decision, additional VA treatment records and statements of the Veteran have been associated with the claims file. The evidence submitted subsequent to the December 2000 rating decision is new, in that it was not previously of record. The newly submitted evidence is also material. Specifically, VA treatment records include a January 2002 note that reports complaints of a sore right shoulder due to a chronic injury and indicated the Veteran complained of pain in the right shoulder from an old injury several years ago. A March 2009 VA mental health note reported that the Veteran described shoulder pain he felt was related to his military experiences. 

As noted above, new and material evidence need not be received as to each previously unproven element of a claim in order to justify reopening thereof. See Shade v. Shinseki, 24 Vet. App. 110 (2010). The evidence received since the December 2000 rating decision suggests a relationship between a current disability and old injury in service. Thus, presumed credible, the additional evidence relates to unestablished facts necessary to substantiate the claim, and raises a reasonable possibility of substantiating the claim. Accordingly, the Board finds that the claim for service connection for a right shoulder disability is reopened.



REMAND

Having reopened the claim for service connection the Board finds that further development is necessary. As discussed above, VA treatment records note the Veteran's complaints of pain from an old injury. The Board finds this meets the standard of McLendon v. Nicholson, 20 Vet.App. 79, 81 (2006) and a VA examination should be obtained. 

On remand, updated treatment records should also be obtained. 

Accordingly, the case is REMANDED for the following action:

1. Obtain any records of VA treatment dated after August 2011, and associate them with the claims file. If no records are available, include documentation of the unavailability in the claims file.

2. After any records requested above have been obtained, schedule the Veteran for a VA examination for the purposes of determining the existence and etiology of any current right shoulder disability. The examiner must review the cl

3. aims file and should note that review in the report. 

If a right shoulder disability is found, the examiner should opine if is at least as likely as not (50 percent or greater probability) that the condition is related to the Veteran's service in any way. The examiner should comment on the October 1983 radiographic report noting the Veteran was seen after he fell on his right shoulder and demonstrating questionable slight widening of the acromioclavicular joint. 

Complete rationales for any opinions must be provided.

4. After completing all indicated development, and any additional development deemed necessary, readjudicate the claims remaining on appeal in light of all the evidence of record. If any benefit sought on appeal remains denied, then a fully responsive Supplemental Statement of the Case should be furnished to the Veteran and his representative and they should be afforded a reasonable opportunity for response.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
H. SEESEL
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs