Citation Nr: 1522704 
Decision Date: 05/29/15 Archive Date: 06/11/15

DOCKET NO. 13-11 158 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Whether new and material evidence has been received to reopen a claim of entitlement to service connection for the cause of the Veteran's death.

2. Entitlement to service connection for the cause of the Veteran's death.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

Appellant, daughter, and J.R.

ATTORNEY FOR THE BOARD

L. A. Rein, Counsel


INTRODUCTION

The Veteran had active service from December 1942 to May 1947. The Veteran died in February 1990. The appellant seeks surviving spouse benefits.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a November 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida that reopened the claim for service connection for the cause of the Veteran's death and denied it on the merits. 

In March 2015, the appellant and witnesses testified during a hearing before the undersigned Veterans Law Judge at the RO. A transcript of that hearing is of record.

Although the RO reopened the previously denied claims for service connection for the cause of the Veteran's death in the November 2009 rating decision, the Board must address the question of whether new and material evidence has been received to reopen the claim for service connection in order to establish its jurisdiction to review the merits of a previously denied claim. Barnett v. Brown, 83 F.3d 1380 (Fed. Cir. 1996).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).




FINDINGS OF FACT

1. A May 1990 rating decision denied service connection for the cause of the Veteran's death. The appellant did not appeal the decision, and that decision is final.
 
2. The evidence received subsequent to the May 1990 final denial of the claim for service connection for the cause of the Veteran's death is new, and is also material because it raises a reasonable possibility of substantiating the claim.

3. At the time of his death, the Veteran was service connected for paralysis of the right sciatic nerve, gunshot wound perforating the right buttock involving muscle group XVI and XVII, a hemorrhoid disability, and dermatitis. 

4. The competent and credible medical evidence of record shows that it is at least as likely as not that the Veteran's service-connected paralysis of the right sciatic nerve and gunshot wound perforating the right buttock involving muscle groups XVI and XVII, aggravated his COPD so as to materially contribute to the cause of the Veteran's death. 


CONCLUSIONS OF LAW

1. The May 1990 rating decision denying the claim for service connection for the cause of the Veteran's death is final. 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. §§ 20.302, 20.1103 (2014). 

2. As new and material evidence has been received since the May 1990 rating decision, the requirements to reopen the claim for service connection for the cause of the Veteran's death have been met. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156 (2014).
3. Resolving all reasonable doubt in favor of the appellant, the criteria for service connection for the cause of the Veteran's death have been met. 38 U.S.C.A. §§ 1110, 1310, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.312 (2014). 


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

New and Material Evidence

A May 1990 rating decision denied service connection for the cause of the Veteran's death. At that time, the evidence of record included the Veteran's death certificate showing that the Veteran died from respiratory failure due to chronic obstructive pulmonary disease (COPD); a letter received in April 1990 from the Veteran's private physician in which that physician opined that due to the Veteran's service-connected injury to his sciatic nerve resulting in his leg being paralyzed, and caring for the Veteran for over 15 years, the physician believed that the Veteran's lack of ambulation partially caused him to have pneumonia and exacerbation of COPD resulting in his demise, and the Veteran's service treatment records. 

The appellant was notified of the denial. However, no appeal was received from the appellant. Therefore, the May 1990 decision is final as to the evidence then of record, and is not subject to revision on the same factual basis. 38 U.S.C.A. § 7105(b) (West 2014); 38 C.F.R. §§ 3.104, 20.302, 20.1103 (2014).

VA may reopen and review a claim that has been previously denied if new and material evidence is submitted by or on behalf of a Veteran. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156(a) (2014); Hodge v. West, 155 F. 3d 1356 (Fed. Cir. 1998).

New evidence is evidence not previously submitted to agency decision makers. Material evidence is evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a) (2014).

In determining whether new and material evidence has been received, VA must initially decide whether evidence associated with the claims file since the prior final denial is new. New evidence is that which was not of record at the time of the last final disallowance on any basis of the claim, and is not merely cumulative of other evidence that was then of record. 38 C.F.R. § 3.156(a) (2014). That analysis is undertaken by comparing newly received evidence with the evidence previously of record. After evidence is determined to be new, the next question is whether it is material.

The Board must review all evidence submitted by or on behalf of a claimant since the last final denial on any basis to determine whether a claim must be reopened. Evans v. Brown, 9 Vet. App. 273 (1996). For purposes of determining whether new evidence is material, the credibility of the new evidence is presumed. Justus v. Principi, 3 Vet. App. 510 (1992). New and material evidence is not required as to each previously unproven element of a claim. Shade v. Shinseki, 24 Vet. App. 110 (2010).

Evidence added to the claims file since the final May 1990 rating decision includes an April 1991 letter from Dr. G. Myers in which he stated that in the last days of the Veteran's life a hospital bed was a medical necessity; an affidavit from Dr. G. Myers, received in July 2009, in which he attested to the fact that due to COPD, metastatic prostate carcinoma combined with the disabling World War II injury to his left leg, the Veteran was confined to bed for more than 18 hours per day and required an electric hospital bed; and the appellant's written contentions that due to the Veteran's service-connected disabilities, he was no longer able to walk, sit or stand for any length of time, and his right leg was paralyzed from the knee to the foot. As a result of his service-connected injuries, he was confined to a hospital bed for the last years of his life. That resulted in deterioration of the Veteran's lungs, leg muscles, arms and back such that he could not breathe properly due to lack of mobility while in a hospital bed. The appellant contends that confinement resulted in the respiratory failure and COPD which caused his death. In addition, the transcript from the March 2015 Board hearing has been added to the record in which the appellant's testimony reiterates her written contentions.

The new evidence suggests that the Veteran was bedridden in part due to service-connected disabilities, and that the service-connected disabilities contributed to his ultimate demise, evidence that relates to an unestablished fact necessary to substantiate the claim. For the purposes of reopening only, that evidence is presumed credible. Justus v. Principi, 3 Vet. App. 510 (1992).

Accordingly, the Board finds that the low threshold for reopening each of the claims has been met. Shade v. Shinseki, 24 Vet. App. 110 (2010). Therefore, the new evidence is material and the appellant's claim for service connection for the cause of the Veteran's death is reopened.

Service Connection

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. § 3.303 (2014). Service connection may be granted for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes that it was incurred in service. 38 C.F.R. § 3.303(d) (2014). 

To establish entitlement to service connection for the cause of the Veteran's death, the evidence of record must show that a disability incurred in or aggravated by service either caused or contributed substantially or materially to cause death. 38 U.S.C.A. § 1310 (West 2014); 38 C.F.R. § 3.312 (2014). Service-connected disability will be considered as the principal cause of death when that disability, singly or jointly with another condition, was the immediate or underlying cause of death or was etiologically related thereto. 38 C.F.R. § 3.312(b) (2014). To be considered a contributory cause of death, it must be shown that service-connected disability contributed substantially or materially; that it combined to cause death; or that it aided or lent assistance to the production of death. It is not sufficient to show that a service-connected disability casually shared in producing death; rather, a causal connection must be shown. 38 C.F.R. § 3.312(c)(1) (2014).

If the evidence for and against a claim is in equipoise, the claim will be granted. A claim will be denied only if the preponderance of the evidence is against the claim. 38 U.S.C.A. § 5107 (West 2014); 38 C.F.R. § 3.102 (2014); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

During the Veteran's life, he was service-connected for paralysis of the right sciatic nerve, rated 80 percent; gunshot wound perforating the right buttock involving muscle group XVI and XVII, rated 40 percent; and chronic dermatitis, rated 0 percent, with a combined rating of 90 percent from May 28, 1947, until death in February 1990.
 
The Veteran's February 1990 death certificate lists the immediate cause of death as respiratory failure due to or as a consequence of chronic obstructive pulmonary disease (COPD). He was not service-connected for COPD or a respiratory disability. The appellant's contention is that the Veteran's service-connected disabilities contributed substantially or material or that it aided or lent assistance to the production of death.

In April 1990, an opinion from Dr. Hildebrand was received in which that physician opined that the service-connected injury to the sciatic nerve resulted in the Veteran's leg being paralyzed, and caring for the Veteran for over 15 years, the physician believed that the Veteran's lack of ambulation partially caused him to have pneumonia and exacerbation of COPD resulting in his demise.

In an April 1991 letter, Dr. G. Myers stated that in the last days of the Veteran's life, a hospital bed was a medical necessity.

In an affidavit from Dr. G. Myers received in July 2009, he attested to the fact that due to COPD, metastatic prostate carcinoma combined with the disabling World War II injury to his leg, the Veteran was confined to bed for more than 18 hours per day and required an electric hospital bed

In a November 2009 VA medical opinion, a VA physician opined that the Veteran passed away from respiratory failure with a history of prostate cancer and COPD. That was due to age, a chronic lung disease, and prostate cancer, and not related to any service injury. The service injury in his experience did not play a role in the death of the veteran. The examiner concluded there was no new compelling evidence which could lead him to believe that there was a direct nexus between the right service-connected sciatic nerve damage and the cause of the Veteran's death. 

The appellant has provided her written contentions and testimony in March 2015 that due to the Veteran's service-connected disabilities, he was no longer able to walk, sit, or stand for any length of time, and his right leg was paralyzed from the knee to his foot. As a result of service-connected injuries, he was confined to a hospital bed for the last years of his life. That resulted in deterioration of the Veteran's lungs, leg muscles, arms, and back such that he could not breathe properly due to lack of mobility while in a hospital bed. The appellant contends that confinement due to service-connected disabilities resulted in or hastened the respiratory failure and COPD which caused his death. 

The Board has given consideration to both the positive and negative evidence of record and finds that the overall evidence to be at least in relative equipoise on the question of whether a causal connection has been demonstrated between the Veteran's service-connected disabilities and COPD and respiratory failure that resulted in his death. While the November 2009 VA opinion is unfavorable to the claim, the focus of the opinion was largely limited to determining whether service-connected disabilities were a direct cause of death. Private physicians have set forth medical opinions, which are found to be persuasive, that the Veteran's service-connected disabilities were at least as likely as not a contributory cause of death based on being bedridden which exacerbated COPD and ultimately resulted in the Veteran's death from respiratory failure. 

When, after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding service origin, the degree of disability, or any other point, the reasonable doubt will be resolved in favor of the claimant. 38 C.F.R. § 3.102 (2014). Therefore, resolving all reasonable doubt in favor of the appellant, the Board finds that the Veteran's service-connected disabilities materially contributed to cause his death. Therefore, service connection for the cause of the Veteran's death is established . 38 U.S.C.A. § 5107(b) (West 2014); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


ORDER

New and material evidence having been received, the claim of entitlement to service connection for the cause of the Veteran's death is reopened.

Service connection for the cause of the Veteran's death is granted. 


____________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs