Citation Nr: 1602617 
Decision Date: 01/28/16 Archive Date: 02/05/16

DOCKET NO. 13-16 604 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUES

1. Whether new and material evidence has been received sufficient to reopen a previously denied service-connection claim for a bilateral shoulder disability.

2. Entitlement to service connection for a bilateral shoulder disability.

3. Entitlement to service connection for tinnitus.

4. Entitlement to service connection for a left ear hearing loss disability. 

5. Entitlement to service connection for a left knee disability.

6. Entitlement to a rating in excess of 50 percent for obstructive sleep apnea. 

7. Entitlement to a rating in excess of 10 percent for neck strain (also claimed as upper back condition).

8. Entitlement to a compensable rating for gastroesophageal reflux disease (GERD). 
9. Entitlement to a compensable rating for a right ear hearing loss disability.

10. Entitlement to a total disability rating based on individual unemployability (TDIU). 


REPRESENTATION

Veteran represented by: J. Michael Woods, Attorney-at-Law


ATTORNEY FOR THE BOARD

V. Chiappetta, Counsel


INTRODUCTION

The Veteran served on active duty from August 1980 to February 2001, and from October 2007 to May 2009.

This case comes to the Board of Veterans' Appeals (Board) on appeal from a September 2010 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Roanoke, Virginia. Original jurisdiction in this case is currently with the RO in Atlanta, Georgia.

The Board observes that since the RO last evaluated the evidence of record in a May 2013 Statement of the Case, VA has obtained additional, more recent records of the Veteran's ongoing VA treatment. To the extent such treatment records identify the presence of the Veteran's ongoing sleep apnea, GERD, hearing loss and tinnitus disabilities (or lack thereof), such records are duplicative of evidence already of record prior to the RO's last review of the evidence of record. As such, there is no requirement to refer these issues to the RO for a Supplemental Statement of the Case. See 38 C.F.R. § 19.37.
In addition to the ten issues listed as on appeal above, the Board acknowledges that the issues of (1) entitlement to a rating in excess of 70 percent for posttraumatic stress disorder (PTSD); (2) entitlement to a rating in excess of 20 percent for bilateral spondylosis of the lumbar spine; and (3) entitlement to a compensable rating for hypertension have been perfected, but not yet certified to the Board. As the RO may still be taking action these issues, the Board will not accept jurisdiction over them at this time, but they will be the subject of a subsequent Board decision, if otherwise in order.

During the course of the appeal, it appears the Veteran has raised a claim for a total disability rating based on individual unemployability (TDIU) based, in part, on his service-connected sleep apnea and right ear hearing loss, as well as his claimed bilateral shoulder and left knee disabilities. See the Veteran's September 21, 2015 Report of General Information. The Court of Appeals for Veterans Claims (the Court) has held that a claim for TDIU is part of an increased rating claim when such is raised by the record. See Rice v. Shinseki, 22 Vet. App. 447 (2009). As such, the issue of entitlement to TDIU has been added above.

The Veteran's neck, left knee and bilateral shoulder claims are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. The RO denied a claim for service connection for a bilateral shoulder disability in an unappealed August 2001 rating decision.

2. The evidence received since the August 2001 rating decision relates to an unestablished fact necessary to substantiate the claim for a bilateral shoulder disability.

3. The Veteran failed, without good cause, to report for the requested August 2011 VA compensation examinations necessary to decide his increased rating claims for sleep apnea, right ear hearing loss and GERD, and his service-connection claims for left ear hearing loss and tinnitus.


CONCLUSIONS OF LAW

1. The August 2001 rating decision denying the Veteran's claim for service connection for a bilateral shoulder disability is final. 38 U.S.C.A. §§ 5108, 7105 (West 2014); 38 C.F.R. § 20.1103 (2015).
 
2. As new and material evidence has been received, the claim for service connection for a bilateral shoulder disability is reopened. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156 (2015).

3. The Veteran's sleep apnea, right ear hearing loss, GERD, left ear hearing loss, and tinnitus claims are denied on the basis of his failure to report for VA medical examinations. 38 C.F.R. § 3.655(a), (b) (2015); Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) describes VA's duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); Honoring America's Veterans and Caring for Camp Lejeune Families Act of 2012, Pub. L. No. 112-154, §§ 504, 505, 126 Stat. 1165, 1191-93; 38 C.F.R. § 3.159 (2015). 

Concerning VA's duty to notify, the record reflects that VA provided the Veteran with the notice required under the VCAA with respect to his service-connection claims in August 2009 and March 2010. As the Board is reopening the Veteran's service-connection claim for a bilateral shoulder disability below, any failure by VA to satisfy its notice requirements with respect to the Veteran's application to reopen that claim is of no prejudice to the Veteran.

The Board notes that in cases where service connection has been granted and an initial disability rating and effective date have been assigned, the typical service-connection claim has been more than substantiated, it has been proven, thereby rendering section 5103(a) notice no longer required because the purpose that the notice is intended to serve has been fulfilled. See Dingess v. Nicholson, 19 Vet. App. 473 (2006), 19 Vet. App. at 490-91; see also VAOPGCPREC 8-2003 (December 22, 2003). Thus, because service connection for the Veteran's sleep apnea, right ear hearing loss disability and GERD has already been granted, VA's VCAA notice obligations with respect to the issues of entitlement to higher initial ratings for those disabilities are fully satisfied, and any defect in the notice is not prejudicial.

Concerning VA's duty to assist, VA has obtained the Veteran's service treatment records, post-service VA treatment records, and his own lay statements and argument. The Veteran himself submitted several service treatment records pertaining to his most recent period of service dating from 2007 to 2009, but efforts to find the Veteran's complete records were not fruitful. All of these efforts, to include requests to the Records Management Center, the Defense Personnel Records Information Retrieval System (DPRIS), and the Board for Corrections of Naval Records, were documented in an October 2012 Formal Finding of Unavailability, and the Veteran was duly informed of these efforts and encouraged to supply any information or relevant records he has in his possession. The Board finds that further efforts to obtain such evidence would amount to an exercise in futility. With respect to post-service treatment records, the Veteran has identified no other outstanding evidence, to include any other medical records, that could be obtained to substantiate his sleep apnea, GERD, right and left ear hearing loss and tinnitus claims, and the Board is also unaware of any such outstanding evidence.

VA has also made extensive efforts to afford the Veteran adequate VA examinations to assess the nature, severity and etiology of his claimed disabilities. Notably, after filing his claim for compensation in 2009, VA scheduled the Veteran for audiological and general medical examinations in March 2010. The Veteran failed to report to both examinations. Based on information contained in a March 30, 2010 email, it appears that the Veteran was out of town on the day of his examinations taking care of his terminally ill mother, and did not know when he would return to the area. VA informed the Veteran that when he does return, he should contact the RO to resubmit his examination request. He did not do so. 

Based upon the evidence of record, the RO, in pertinent part, awarded service connection for sleep apnea, right ear hearing loss and GERD in the above-referenced September 2010 rating decision. The RO also denied his service-connection claims for left ear hearing loss and tinnitus on their merits. In April 2011, the Veteran disagreed with the assigned rating for each of these disabilities, as well as with the RO's denial of his service-connection claims. The RO then rescheduled the Veteran for additional general medical, and audiological examinations in August 2011, for which the Veteran again failed to report. The Veteran supplied no reason as to why he could not appear for these examinations. 

Following the issuance of a May 2013 Statement of the Case (SOC), which specifically referenced the fact that the Veteran failed to report to his examinations, the Veteran submitted a completed VA Form 9 perfecting his appeal, and a cover letter from his attorney specifically requesting that the matters be forwarded to the Board for a decision. 

The Court of Appeals for Veterans Claims (the Court) has held that VA's duty to assist a claimant in developing the facts and evidence pertinent to a claim is not a one-way street. See Wood v. Derwinski, 1 Vet. App. 190, 193 (1991). In light of the Veteran's failure to report to his rescheduled August 2011 medical examinations, without explanation of his absence, and his explicit request to have the adjudication of his claims handled by the Board without requesting that his examination be rescheduled, the Board is convinced that further efforts to schedule the Veteran for a compensation and pension examination addressing his claims would be futile. The Board accordingly finds that a remand to afford the Veteran additional VA examinations is not required, and VA's duty to assist with respect to obtaining examinations or opinions as to the Veteran's claimed disabilities has been met. 38 C.F.R. § 3.159(c)(4); Barr v. Nicholson, 21 Vet. App. 303 (2007).

Analysis

A. New and Material Evidence - Bilateral Shoulder Disability

The RO denied the Veteran's claim of entitlement to service connection for a bilateral shoulder disability in an August 2001 rating decision. At that time, the pertinent evidence of record included the Veteran's service treatment records, which contain complaints of shoulder pain and strains; and a QTC fee-based internal medicine examination report dated in January 2001. At that examination, the physician found that the Veteran had full range of motion of the shoulders, not limited by pain. The examiner observed no underlying pathology, and diagnosed no disability. In its August 2001 rating decision, the RO denied the claim based on a finding that the Veteran had no permanent residual or chronic disability subject to service connection.

The Veteran was notified of the August 2001 rating decision and of his appellate rights in a letter dated August 6, 2001. The Veteran did not appeal the August 2001 rating decision, nor did he submit additional evidence within one year of that decision in support of his bilateral shoulder disability claim. As such, the RO's August 2001 rating decision became final. See 38 U.S.C.A. § 7105(c); 38 C.F.R. §§ 3.156(b), 20.1103.

VA may reopen and review a claim that has been previously denied if new and material evidence is submitted by or on behalf of the claimant. 38 U.S.C.A. § 5108; 38 C.F.R. § 3.156(a).

For applications to reopen filed after August 29, 2001, as in this case, new and material evidence means evidence not previously submitted to agency decisionmakers; which relates, either by itself or when considered with previous evidence of record, to an unestablished fact necessary to substantiate the claim; which is neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened; and which raises a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a). 

For purposes of reopening a claim, the credibility of newly submitted evidence is generally presumed. See Justus v. Principi, 3 Vet. App. 510, 513 (1992) (in determining whether evidence is new and material, "credibility" of newly presented evidence is to be presumed unless evidence is inherently incredible or beyond competence of witness).

The United States Court of Appeals for Veterans Claims (Court) has held that the threshold for determining whether new and material evidence raises a reasonable possibility of substantiating a claim is "low." See Shade v. Shinseki, 24 Vet. App. 110, 117 (2010).

In this case, the newly submitted evidence pertaining to the Veteran's bilateral shoulder disability claim consists of VA medical records that indicate that the Veteran has recently received treatment for pain symptomatology of his shoulders. See, e.g., the Veteran's September 6, 2013 VA Physical Therapy Consult. Given that the January 2001 VA examiner found no underlying pathology of a shoulder disability (to include pain on motion), and the RO denied the Veteran's claim based largely on this finding, the Board finds that this additional evidence identifying the presence of painful motion relates to the open medical question as to whether the Veteran has a current shoulder disability. The evidence is new, material and serves to reopen the claim. To this extent only, the appeal is granted.

B. Failure to Report to VA Examinations - Sleep Apnea, GERD, Right and Left Ear Hearing Loss, and Tinnitus

Under 38 C.F.R. § 3.655, when a claimant fails to report for an examination scheduled in conjunction with an original compensation claim, the claim shall be rated based on the evidence of record. When the examination is scheduled in conjunction with any other original claim, a reopened claim for a benefit which was previously disallowed, or a claim for increase, the claim shall be denied. 38 C.F.R. § 3.655(b) (2015). VA regulations define an original claim as an initial application on a form prescribed by the Secretary. 38 C.F.R. § 3.160(b) (2015).

In this case, the claims on appeal are not the original claims for compensation as contemplated by the operative VA regulations. The Veteran's original claim for compensation was the VA Form 21-526 VA received in January 2001. Rather, these appeals stem from compensation claims filed in June 2009.

As described above, the record reflects that VA most recently scheduled the Veteran for examinations to assess the current severity of his sleep apnea, right ear hearing loss, and GERD, and to assess the nature and etiology of his claimed left ear hearing loss and tinnitus, in August 2011. The record reflects that he failed to report for all August 2011 VA examinations and failed to provide good cause for his absence. Upon receiving notice in a May 2013 SOC that he failed to report, and that information obtained at such examinations may have supported his claims, the Veteran and his attorney specifically requested that the appeals be forwarded to the Board for adjudication rather than request new examinations. See the Veteran's May 2013 VA Form 9 and corresponding cover letter.

VA examinations were necessary to determine the current nature and severity of his sleep apnea, right ear hearing loss and GERD, and to determine the nature and etiology of his claimed left ear hearing loss and tinnitus. The Board has considered the Veteran's statements but finds they contain inadequate detail and do not provide a basis on which to evaluate the claims. The Veteran was scheduled for examinations on more than one occasion, and did not appear. These claims are not original compensation claims and cannot be decided based on the evidence of record. 38 C.F.R. § 3.160(b). In this case, the criteria for a denial based on application of 38 C.F.R. § 3.655 have been met and the claims must be denied pursuant to the operative regulation. 38 C.F.R. § 3.655(b) (2015); Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).




ORDER

The application to reopen a claim for service connection for a bilateral shoulder disability is granted.

Service connection for tinnitus is denied.

Service connection for a left ear hearing loss disability is denied.

Entitlement to a rating in excess of 50 percent for sleep apnea is denied.

Entitlement to a compensable rating for a right ear hearing loss disability is denied.

Entitlement to a compensable rating for GERD is denied.


REMAND

A March 4, 2014 Report of General Information indicates that the Veteran contacted VA in reference to his claim for an increased evaluation for his service-connected neck disability, as well as his service-connection claims for a left knee disability and a bilateral shoulder disability. He specifically indicated that he received treatment for these conditions at the Charlie Norwood VA Medical Center (VAMC) [also known as the Augusta VAMC] and requested that VA obtain such records. On May 23, 2014, the Veteran called VA again to indicate that he does not receive private treatment for his disabilities, but only received emergency room treatment in Augusta, GA (15th St.) in 2014, and regular treatment in Augusta, GA (Wrightsboro Rd.), with recent treatment for his shoulder condition about two weeks prior.

Review of the record demonstrates that although some records from the Augusta VAMC dated in 2014 and 2015 have been obtained, they do not reflect any treatment for the Veteran's claimed left knee disability, as stipulated by the Veteran. They also contain no record of treatment for shoulder problems in May 2014, as the Veteran specifically pointed out on May 23, 2014. Due to the fact that the Veteran put VA on notice of specific treatment for neck, knee and shoulder problems he received at VA, and that complete VA treatment records do not appear to be associated with the Veteran's file, the Board believes that additional requests for any outstanding VA treatment records relevant to treatment received for the Veteran's neck, shoulders, or left knee dated from 2013 to the present day should be requested on remand. 

Additionally, the Veteran should be sent a letter inquiring as to whether he would be willing to report for VA examinations to assess the current severity of his service-connected neck disability, and to assess the nature and etiology of his claimed left knee and shoulder disabilities. Upon receipt of a response, the AOJ should take any appropriate action to schedule such examinations.

Under Rice v. Shinseki, 22 Vet. App. 447 (2009), a claim for TDIU is part of an increased rating claim when such is raised by the record. As noted in the Introduction above, it appears the Veteran has raised a claim for a TDIU based, in part, on his service-connected sleep apnea, right ear hearing loss, and claimed left knee and bilateral shoulder disabilities. See, e.g., a September 21, 2015 Report of General Information. On remand, the AOJ should request that the Veteran submit a completed application for increased compensation based on unemployability (VA Form 21-8940), and upon receipt of this form, take any appropriate action deemed necessary to adjudicate his claim.

Accordingly, the case is REMANDED for the following action:

1. Obtain all outstanding VA treatment records dated 
from 2013 to the present day pertaining specifically to treatment the Veteran has received for his neck, shoulder and left knee disabilities. 

2. Upon completion of the above-referenced 
development, send the Veteran a letter inquiring as to whether he would be willing to appear for VA examinations to assess the current severity of his service-connected neck disability, and to assess the nature and etiology of his claimed left knee and shoulder disabilities. Upon receipt of a response, the AOJ should take any appropriate action to schedule such examinations.

The Veteran should be notified that it is his responsibility to report for the examinations and to cooperate in the development of the claims. The consequences for failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158, 3.655 (2015).

3. Contact the Veteran and request that he file a 
completed application for increased compensation based on unemployability (VA Form 21-8940), and upon receipt of this form, take any appropriate action deemed necessary to adjudicate his TDIU claim.

4. After review of the evidence of record, readjudicate 
the Veteran's increased rating claim for his neck disability, his service-connection claims for a bilateral shoulder disability and a left knee disability, and include consideration of a TDIU award. If the benefits sought on appeal are denied, in whole or in part, the Veteran and his attorney should be provided a new Supplemental Statement of the Case.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).
This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
H. N. SCHWARTZ
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs