Herbert H. **JUSTUS**, Appellant,

v.

Anthony J. **PRINCIPI**, Acting Secretary of Veterans Affairs, Appellee.

No. 91–1596.

United States Court of Veterans Appeals.

Dec. 2, 1992.

Roger W. Rutherford, Norton, VA, was on the brief, for appellant.

James A. Endicott, Jr., Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Angela Foehl, Washington, DC, were on the pleadings, for appellee.

Before MANKIN, HOLDAWAY and IVERS, Associate Judges.

HOLDAWAY, Associate Judge:

Appellant, Herbert H. Justus, appeals a May 30, 1991, decision of the Board of Veterans' Appeals (BVA or Board) which refused to reopen his claim for service connection for heart disease because the evidence submitted was not deemed to be new and material. On March 23, 1992, appellant, through counsel, filed a brief. On May 18, 1992, the Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance, for acceptance of the motion in lieu of a brief, and for a stay of proceedings. This Court vacates and remands the decision to the BVA for adjudication consistent with this opinion.

## FACTS

Appellant had active service in the Army from January 1955 to January 1957. By a rating decision in December 1985, the Veterans' Administration (now Department of Veterans Affairs) (VA) denied appellant's claim for service connection for a heart disability. It was determined at that time that the heart murmur noted on his separation examination was related to possible rheumatic fever when appellant was 12

years of age and therefore this condition preexisted service. Based on the evidence, it was found that the heart condition was not aggravated by active service. Appellant reopened his claim in November 1987 and, by a rating action in December 1987, was again denied service connection for a heart disability. A subsequent rating action in June 1988 confirmed this denial of service connection for a heart disability. The BVA denied appellant's claim for service connection in December 1989.

In August 1990, appellant sought to reopen the December 1989 decision on the basis of a letter from his private cardiologist, Dr. Thakkar, dated July 31, 1990, which stated:

> ... [I]t sounds like that if he [the veteran] passed the physical in 1955 then chances are that he did not have rheumatic fever before he joined the Army. Between 1955 and 1957 he had repeated sore throat and chest cold and in 1957 he was turned down from [a] job because of the heart problem[;] so most likely he developed the rheumatic fever while he was in the Army.

The VA issued a confirmed rating decision in September 1990 stating that the evidence was new, but was based on history only and that the letter did not demonstrate that the heart condition was incurred in or aggravated by service.

Appellant filed an appeal to the BVA in November 1990, contesting the VA decision regarding the reopening of his claim based on new and material evidence. The BVA issued a decision in May 1991, stating that Dr. Thakkar's letter did not establish any material facts different from those previously found. The Board concluded that the additional evidence (Dr. Thakkar's letter) submitted since the prior Board decision was not new and material. The Board stated in its "Discussion and Evaluation" section:

> Although it was the physician's opinion that the veteran developed rheumatic fever while in service, this was clearly based on the veteran's medical history as reported by the veteran; it was not based on a review of contemporaneous

[sic] clinical records. Since sufficient data have not been submitted to show that the veteran's heart disease is in any way related to service, the veteran's claim is not properly reopened.

*Herbert H. Justus*, BVA 90–52696, at 4 (May 30, 1991). It is this BVA decision that is the subject of this appeal.

## ANALYSIS

 This Court has set forth a two-part test for determining whether evidence is "new and material" for purposes of reopening a claim. *See Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991). The BVA must first determine whether the evidence submitted is "new and material." *Id.* Second, if the evidence is new and material, then the case must be reopened and the BVA must evaluate appellant's claim in light of *all* the evidence, both new and old. *Id.* "New" evidence is evidence which is not "merely cumulative" of other evidence in the record. *Colvin v. Derwinski*, 1 Vet. App. 171, 174 (1991). "Material" evidence is "relevant and probative of the issue at hand." *Id.* To reopen the claim, there must be a reasonable possibility that the outcome would differ when the new evidence was considered in light of all the evidence. *Id.*

The statement of Dr. Thakkar was clearly "new and material" with regard to reopening appellant's claim. The letter contained information, not previously of record, which was relevant and probative of the issue at hand. Although the BVA appears to have been skeptical of the letter from Dr. Thakkar, nonetheless, if believed, this letter would present a reasonable *possibility* of changing the outcome of the claim. The BVA incorrectly concluded that, "since sufficient data have not been submitted to show that the veteran's heart disease is in any way related to service, the veteran's claim is not properly reopened." *Herbert H. Justus*, BVA 90–52696, at 4 (May 30, 1991). The error that the BVA committed was in assessing the credibility of the evidence *prior* to reopening the claim.

There is sometimes confusion in determining the *ultimate* credibility or weight to be accorded evidence, both questions of fact, and the issue of whether the evidence is new and material, a question of law. In determining the latter, the credibility of the evidence is to be presumed. This presumption is made *only for the purpose of determining whether the case should be reopened.* Once the evidence is found to be new and material and the case is reopened, the presumption that it is credible and entitled to full weight no longer applies. In the adjudication that follows the reopening, the Board having accepted provisionally for reopening purposes the credibility of the new evidence, then must determine, as a question of fact, both the weight and credibility of the new evidence in the context of all the evidence, new and old. In effect, by determining the credibility and weight of Dr. Thakkar's statement prior to reopening, the BVA in this case decided this factual question in a vacuum. Of course, in determining as a matter of law that Dr. Thakkar's statement was new and material for purposes of reopening, this Court in no way endorses either the weight or the credibility of that statement. As we have indicated, that is a question of fact for the Board to decide upon reopening and readjudication with a statement of reasons or bases for its findings. *See Gilbert v. Derwinski*, 1 Vet.App. 49, 56–57 (1991). The May 30, 1991, decision of the BVA is VACATED and REMANDED for adjudication consistent with this opinion.