**Robert C. HADSELL, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 91–1526.

United States Court of Veterans Appeals.

Feb. 18, 1993.

Theodore J. Harvatin, Springfield, IL, was on the brief for appellant.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Arthur L. Kraut, Washington, DC, were on the pleadings for appellee.

Before NEBEKER, Chief Judge, and KRAMER and STEINBERG, Associate Judges.

NEBEKER, Chief Judge:

Appellant, Robert C. Hadsell, appeals an August 7, 1991, Board of Veterans' Appeals (Board or BVA) decision which found that appellant had failed to submit new and material evidence to reopen his claims for service-connected regional ileitis and defective hearing. Appellant appeals only that portion of the Board's decision concerning his ileitis claim.

This Court reviews issues of whether an appellant has submitted "new and material" evidence on a de novo basis. *Colvin v. Derwinski,* 1 Vet.App. 171 (1991). Material evidence is "relevant and probative of the issue at hand," and new evidence is that which is not "merely cumulative of evidence on the record." *Id.* at 174. Here, evidence submitted by appellant to reopen his claim consisted primarily of a letter by S. David Ross, M.D., who opined:

I think from the history that you [appellant's attorney] suggest to me that it is certainly possible that this patient had regional ileitis or Crohn's disease as far back as his time in the service, in the 40's and 50's and would think that with the natural history of this disease, that history related by you suggest[s] a strong case of argument with the Veteran's Administration.

R. at 58. The Board rejected Dr. Ross' letter as cumulative of evidence already submitted, and speculative.

 The Board's decision that the statement by Dr. Ross was not new is error. It was, after all, a doctor's opinion that, based on reviewed facts, Crohn's disease was possibly present in the 1940's or 1950's. In concluding that the proffered evidence was not new and material, the Board stated:

It [Dr. Ross' statement] does not provide any thing [sic] more than the veteran's or his attorney's statements alleging a relationship between his current regional ileitis (Crohn's disease) and service.... It is not really a medical opinion that ileitis began in service, but only that it *could* have *if* the reported history were believed.

Robert C. Hadsell, BVA 91–29537, at 5 (Aug. 7, 1991) (emphasis in original).

This statement of reasons by the Board is erroneous for two reasons. First, contrary to what the Board implies, Dr. Ross does offer a medical opinion as to a relationship between the later-diagnosed condition and the in-service condition and treatment. He points to his medical knowledge of "the natural history of this disease" and relates it to the personal history provided by the veteran. Second, Dr. Ross, in suggesting a possible onset in the 1940's and 1950's, amplified his medical opinion in terms of "a strong case of argument with the [VA]." Thus, the Board erred in its overly narrow reading of Dr. Ross' statement as merely repeating the veteran's earlier lay assertions.

 Under *Colvin, supra,* and its progeny, particularly *Justus v. Principi,* 3 Vet.App. 510 (1992), Dr. Ross' statement created a "reasonable possibility that the outcome would differ when the new evidence was considered in light of all the evidence." *Justus,* 3 Vet.App. at 512; *see also Colvin,* 1 Vet.App. at 174 (1991). That is all that the statement need have done to permit a reopening and redetermination. We also note that the Board suggested that the reported history may not have been believed. However, a credibility determination is made properly only after reopening. *See Justus, supra.*

Upon consideration of the pleadings and the record on appeal, the Court holds that the Board erred when it found that appellant had not submitted new and material evidence to reopen his claim.

Accordingly, the Board's decision is VACATED, and the case is REMANDED for readjudication under 38 U.S.C.A. § 5108 (West 1991).