Harlow FORREST, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 90–1291.

United States Court of Veterans Appeals.

March 1, 1993.

Before STEINBERG, Associate Judge.

### MEMORANDUM DECISION

STEINBERG, Associate Judge:

The appellant, veteran Harlow Forrest, appeals from a May 3, 1990, decision of the Board of Veterans' Appeals (BVA or Board) denying service-connected disability compensation for schizophrenia. *Harlow Forrest*, BVA 90–09607 (May 3, 1990). The Secretary of Veterans Affairs (Secretary) has moved for summary affirmance. Summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). The Court will vacate the BVA decision and remand the matter to the Board for readjudication.

The veteran served in the National Guard and the Army Reserves between January 1955 and December 1959, including some periods of active duty for training. R. at 327. Pursuant to 38 U.S.C.A.

§§ 1110 and 101(24), (22) (West 1991), a veteran is entitled to service-connected disability compensation for disability due to a disease or injury incurred in the line of duty during a period of active duty for training. In 1979, the veteran filed with a Veterans' Administration (now Department of Veterans Affairs) (VA) regional office (RO) a claim for service connection for schizophrenia, and submitted several items of lay and medical evidence in support of his claim. R. at 2–5. This claim was ultimately denied by the BVA on September 26, 1984. R. at 324–28.

Thereafter, the veteran on several occasions between 1984 and 1989 submitted additional items of evidence and requested the RO to grant his claim. *See, e.g.,* R. at 332–42, 364, 388, 420–30. The RO repeatedly informed the veteran by letter that his claim could be reopened only upon the submission of new and material evidence. R. at 344–45, 394–95, 463, 477, 490. On March 15 and 27, 1989, after the veteran had submitted numerous items of evidence, the RO issued confirmed rating decisions denying the veteran's claim. R. at 570, 602. The veteran appealed the denials to the BVA. R. at 627, 641.

In its May 1990 decision here on appeal, the BVA concluded that the evidence submitted by the veteran since the prior final BVA decision in September 1984 was "cumulative [of] evidence previously of record", that there was no "objective evidence" that schizophrenia was incurred in or aggravated by a period of active duty for training, and that, therefore, "the newly-submitted evidence is not of sufficient weight to establish a new factual basis in support of an allowance for service connection for schizophrenia." *Forrest,* BVA 90–09607, at 4. In July 1990, the veteran requested reconsideration of the BVA decision, asserting that the Board had committed "obvious error of fact or law" in its decision. R. at 652–53. In an August 1990 letter, the BVA Chairman informed the veteran that reconsideration had been denied because the veteran had alleged no more than a "[d]isagreement with the judgment of the Board and the conclusions reached", which did not constitute "obvious error"

warranting reconsideration. R. at 654. Appeal to this Court followed within 120 days after the mailing to the veteran of notice of the Chairman's denial of reconsideration. *See* 38 U.S.C.A. § 7266(a) (West 1991); *Rosler v. Derwinski,* 1 Vet.App. 241, 249 (1991).

 Pursuant to 38 U.S.C.A. § 5108 (West 1991), the Secretary must reopen a previously and finally disallowed claim when "new and material evidence" is presented or secured with respect to that claim. *See* 38 U.S.C.A. § 7104(b) (West 1991). On claims to reopen previously and finally disallowed claims, the BVA must conduct a two-step analysis. *See Manio v. Derwinski,* 1 Vet.App. 140, 145 (1991). First, it must determine whether the evidence presented or secured since the prior final disallowance of the claim is "new and material". If it is, the Board must then review the new evidence "in the context of" the old to determine whether the prior disposition of the claim should be altered. *See Jones (McArthur) v. Derwinski,* 1 Vet. App. 210, 215 (1991). "New" evidence is evidence which is not "merely cumulative" of other evidence in the record. *Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991). Evidence is "material" when it is "relevant [to] and probative of the issue at hand" and there is "a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Colvin, supra.* In determining whether evidence is new and material, "the credibility of the evidence must be presumed." *Justus v. Principi,* 3 Vet.App. 510, 513 (1992).

 In its May 1990 decision, the Board concluded that there was no new and material evidence to reopen the claim because the lay and medical statements submitted on the veteran's behalf and the evidence of recent psychiatric treatment were all "cumulative" of or "essentially similar to" evidence that had previously been before the Board in 1984. *Forrest,* BVA 90–09607, at 4–5. The Board's determination whether evidence is "new and material" is a conclusion of law which the Court re-

views de novo under 38 U.S.C.A. § 7261(a)(1) (West 1991). *See Masors v. Derwinski,* 2 Vet.App. 181, 185 (1992); *Jones,* 1 Vet.App. at 213; *Colvin, supra.*

The Court holds that the veteran in this case did submit new and material evidence to reopen his claim. Specifically, statements from a former military policeman and from a social worker at a shelter where the veteran apparently resided both state that the veteran had exhibited during two periods of active duty for training the symptoms which were later diagnosed as schizophrenia. R. at 402–04, 415–16. These items are "new" evidence because they are not "merely cumulative" of evidence previously in the record. *See Colvin, supra.* Although the Board concluded that these items were "cumulative" of or "essentially similar to" other items of evidence, it did not explain the basis for that conclusion nor point to the evidence previously in the record that it regarded as "essentially similar". Moreover, the Court notes, although these statements are indeed "similar" to evidence previously in the record (*see* R. at 80, 118–19), including statements by the veteran (*see* R. at 78, 101), they are corroborative statements from different sources, and thus cannot be rejected as "merely cumulative". *See Paller v. Principi,* 3 Vet.App. 535, 538 (1992).

The "new" evidence is material because it is "relevant [to] and probative of" the issue of whether the veteran's schizophrenia was manifest during his active duty for training, and, presuming the credibility of this evidence (as required by *Justus, supra* ), viewing it in the context of all the evidence, including medical evidence opining that the veteran's schizophrenia was manifest in service, and taking into account the benefit-of-the-doubt doctrine in 38 U.S.C.A. § 5107(b) (West 1991) (as *Colvin, supra,* required), it creates a reasonable possibility of changing the outcome. *See Colvin, supra.* Therefore, the Board was required to reopen the claim and readjudicate, on the basis of all the evidence, both new and old, the issue of the veteran's entitlement to service-connected disability compensation for schizophrenia. Remand is thus required for the Board to carry out such readjudication.

■ In his brief to this Court, the veteran asserts that the Board should seek to contact his former VA treating psychiatrist, Dr. Elsa Wiirsalu, who, the veteran states, had concluded that the veteran's schizophrenia had been incurred or aggravated during his active duty for training. Br. at 16. Where, as here, a claimant has presented a well-grounded claim for benefits, VA has a duty under 38 U.S.C.A. § 5107(a) (West 1991) to assist the claimant in developing the facts pertinent to the claim. *See Murphy v. Derwinski,* 1 Vet. App. 78, 81 (1990) (a well-grounded claim is a "plausible" claim). It does not appear that the veteran ever previously requested VA or the BVA to seek any information from Dr. Wiirsalu or pointed to the existence of any relevant records from Dr. Wiirsalu, so as to give rise to an obligation that the Board seek to contact her. *See Murincsak v. Derwinski,* 2 Vet.App. 363, 373 (1992); *Godwin v. Derwinski,* 1 Vet. App. 419, 425 (1991). However, because this case is being remanded, the veteran may on remand present to the Board his requests for VA assistance.

Upon consideration of the record, the appellant's informal brief and reply brief, and the Secretary's motion for summary affirmance, the Court denies the Secretary's motion for summary affirmance, summarily vacates the May 3, 1990, BVA decision, and remands the matter for prompt readjudication, in accordance with this decision, on the basis of all evidence and material of record and applicable provisions of law and regulation, and prompt issuance of a new decision supported by an adequate statement of reasons or bases. *See* 38 U.S.C.A. § 7104(a), (d)(1) (West 1991); *Fletcher v. Derwinski,* 1 Vet.App. 394, 397 (1991). "On remand, the appellant will be free to submit additional evidence and argument". *Quarles v. Derwinski,* 3 Vet.App. 129 (1992). The Court retains jurisdiction. The Secretary shall file with the Clerk (as well as serve upon the appellant) a copy of any Board decision on remand. Within 14 days after the filing of

280 any such final decision, the appellant shall notify the Clerk whether he desires to seek further review by the Court.

VACATED AND REMANDED.