Citation Nr: 1619684 
Decision Date: 05/16/16 Archive Date: 05/27/16

DOCKET NO. 13-05 534 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Denver, Colorado


THE ISSUES

1. Whether new and material evidence has been submitted to reopen the claim of entitlement to service connection for lumbar spine disability.

2. Whether new and material evidence has been received to reopen the claim of entitlement to service connection for human immunodeficiency virus infection/acquired immune deficiency syndrome (HIV/AIDS).

3. Whether new and material evidence has been received to reopen the claim of entitlement to service connection for Hepatitis C.

4. Entitlement to service connection for lumbar spine disability.

5. Entitlement to service connection for disability of the right side/ribs, to include muscle tumors

6. Entitlement an increased rating for right palm laceration, currently evaluated as 30 percent disabling.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

Siobhan Brogdon, Counsel


INTRODUCTION

The Veteran served on active duty in the U.S. Army from January 1974 to February 1975. 

This appeal comes before the Department of Veterans Affairs (VA) Board of Veterans' Appeals (Board) from a July 2012 rating decision of the VA Regional Office in Denver, Colorado that declined to reopen the claims of entitlement to service connection for lumbar spine disability, HIV/AIDS, and hepatitis C, and denied service connection for disability of the right side/ribs, and an increased rating for right palm laceration residuals.

The Veteran was afforded a videoconference hearing at the RO in March 2016 before the undersigned Veterans Law Judge sitting at Washington, DC. The transcript is of record.

Following review of the record, the issues of entitlement to service connection for lumbar spine disability, and disability of the right side/ribs, including muscle tumors, and an increased rating for right palm laceration residuals are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. Service connection for a lumbar spine disability, claimed as degenerative joint disease, was denied by an RO rating decision in June 1997 and the Veteran did not appeal; the RO declined to reopen the claim in May 2001. This decision is final.

2. Service connection for lumbar spine disability as secondary to service-connected disability was denied by an RO rating decision in May 2001 and February 2003; the Veteran did not appeal and this determination is final. 

3. The evidence added to the record since the final determination in 2003 is relevant and probative of the issue of entitlement to service connection for a lumbar spine disorder.

4. Service connection for HIV/AIDS was denied by an RO rating decision in May 2001; the Veteran did not appeal and this determination is final.

5. Service connection for hepatitis C was denied by an RO rating decision in May 2001; the Veteran did not appeal this determination and it is final.

6. The evidence added to the record since the May 2001 final determinations is not relevant and probative of the issues of entitlement to service connection HIV/AIDS and hepatitis C.



CONCLUSIONS OF LAW

1. The February 2003 rating determination that denied service connection for lumbar spine disability, to include as due to service-connected disability, is final. 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. § 20.1103 (2015). 

2. New and material evidence sufficient to reopen the claim of entitlement to service connection for lumbar spine disability has been received since the final determination and the claim is reopened. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156 (2015).

3. The May 2001 rating determination that denied service connection for HIV/AIDS is final. 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. § 20.1103 (2015).

4. New and material evidence sufficient to reopen the claim of entitlement to service connection for HIV/AIDS has not been received since the final determination and the claim is not reopened. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156 (2015).

5. The May 2001 rating determination that denied service connection for hepatitis C is final. 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. § 20.1103 (2015).

6. New and material evidence sufficient to reopen the claim of entitlement to service connection for hepatitis C has not been received since the final determination and the claim is not reopened. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156 (2015).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Veterans Claims Assistance Act of 2000 (VCAA)

VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2014). However, the Court of Appeals for Veterans Claims (Court) has held that the VCAA is not applicable where further assistance would not aid the appellant in substantiating a claim. Wensch v. Principi, 15 Vet.App. 362 (2001); see also 38 U.S.C.A. § 5103(a)(2). In view of the Board's favorable decision to reopen the claim of service connection for a lumbar spine disability, further assistance is unnecessary to aid the appellant in substantiating this aspect of the appeal.

As to the issues of whether new and material evidence has been received to reopen the claims of entitlement to service connection for HIV/AIDS and hepatitis C, the requirements of 38 U.S.C.A. §§ 5103 and 5103A have been met. There is no issue as to providing an appropriate application form or the completeness of the application. VA properly notified the Veteran of the information and evidence needed to substantiate and complete the claims, to include notice of what part of that evidence is to be provided by the claimant, what part VA will attempt to obtain, and how disability ratings and effective dates are determined. 

VA fulfilled its duty to assist the Veteran in obtaining available evidence to substantiate the claims, to include requesting VA clinical data. The Veteran was afforded a personal hearing on appeal in March 2016. He was not afforded a VA examination as to the issues of entitlement to service connection for HIV/AIDS and hepatitis C. See McLendon v. Nicholson, 20 Vet.App. 79 (2006). This is because 38 C.F.R. § 3.159(c)(4)(iii) (2015) precludes a VA examination when a new and material claim is not reopened such as in this case. 

The Board finds no evidence of any VA error in notifying or assisting the Veteran that reasonably affects the fairness of this adjudication. 38 C.F.R. § 3.159(c). As such, the issues of whether new and material evidence has been received to reopen the claims of entitlement to service connection for HIV/AIDS and hepatitis C are ready to be considered on the merits.


Pertinent Law and Regulation

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated during active military service. 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. § 3.303 (2015). 

A claim that is the subject of a final decision may be reopened upon the submission of new and material evidence. 38 U.S.C.A. § 5108 (2015). New evidence is evidence not previously submitted to agency decision makers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156 (2015). In determining whether evidence is new and material, the "credibility of the evidence is to be presumed." Justus v. Principi, 3 Vet.App. 510, 513 (1992).

1. New and material evidence to reopen the claim of service connection for lumbar spine disability.

Factual Background and Legal Analysis.

Service connection for lumbar spine disability, claimed as degenerative disc disease, was originally denied in a June 1997 rating decision. The Veteran did not file an appeal. This determination is final. 38 U.S.C.A. § 7105. The RO declined to reopen the claim in a rating decision in May 2001. Service connection for lumbar spine disability as secondary to service-connected disability was denied by an RO rating decision in May 2001 and February 2003. The Veteran did not appeal and that determination is final. The Board must therefore review all of the evidence submitted since the last final disallowance to determine whether the appellant's claim of entitlement to service connection for a low back disorder should be reopened and re-adjudicated de novo. See Evans v. Brown, 9 Vet.App. 273 (1996). The threshold for determining whether new and material evidence raises a reasonable possibility of substantiating a claim is "low" and includes considering whether the evidence could reasonably substantiate the claim if the claim were reopened, triggering VA's duty to assist. Shade v. Shinseki, 24, Vet.App. 110, 117-18 (2010).

The evidence that was of record prior to the RO's February 2003 rating decision denying service connection for lumber spine disability, to include as secondary to service-connected disability, includes service treatment records showing no complaints or treatment pertaining to the lumbar spine. Although the Veteran indicated on The Report of Medical History at separation in January 1975 that he had recurrent back pain, the spine and musculoskeletal system was evaluated as normal and no pertinent defects were recorded.

Post service, VA outpatient records in September 1995 reflects that the Veteran fell off a step ladder onto his low back resulting in severe low back pain and decreased sensation down the entire right leg. An X-ray was interpreted as showing a minor compression fracture at L5. The Veteran was hospitalized in July 1996 with primary diagnoses of alcoholic liver disease and hepatitis C but was also found to have degenerative lumbar disc disease. 

By rating action dated in June 1997, service connection for degenerative disc disease of the lumbar spine was essentially denied on the basis that there was no evidence of a back disorder in service and that no relationship was shown between current back disability and active service.

The Veteran claimed service connection for back disability secondary to his service-connected arm and leg disorders in April 1998. 

VA outpatient records dated in February 2000 noted that the appellant described pain in the lower back since 1974. He was afforded a VA examination in March 2001 whereupon the examiner diagnosed chronic low back pain with mild disc bulging at L3-L4 and L4-L5. The examiner opined that it was less likely than not that there was any relationship between the service-connected right lower extremity disability and current back symptoms.

By rating actions dated in May 2001 February 2003, service connection for low back disability was denied on the basis that it was not occurred in service or proximately due to or the result of service-connected disability. 

The Veteran most recently attempted to reopen the claim of entitlement to service connection for low back disorder secondary to service-connected right knee disability in January 2011.

Evidence added to the record following the 2003 denial of the claim, includes testimony presented on personal hearing in March 2016 attesting to injury in service after falling into a hole resulting in chronic low back symptomatology after service. The Veteran also testified that service-connected lower extremity disability caused a low back disorder. The Board also observes that since the prior final denials of the claim, service connection has been established for left knee osteoarthritis and residuals of total left knee replacement, right and left ankle degenerative joint disease, right hip degenerative joint disease, a left hip strain. A separate rating has been established for right knee instability. 

The Board has carefully reviewed the record and finds that the provisions of 38 C.F.R. § 3.156 are applicable to the instant matter. Since the 2003 rating decision, the Veteran has been service connected for multiple lower extremity disorders for which service connection of a low back disability may be considered in a secondary connection. Such evidence supports the claim in a manner not previously demonstrated. The Board thus finds that this evidence is new and material and serves as a basis to reopen and reconsider the claim of entitlement of service connection for a low back disability in accordance with 38 C.F.R. § 3.156. As such, the claim is reopened. This matter is further addressed in the REMAND below.

 (CONTINUED ON NEXT PAGE)


2. New and material evidence to reopen the claims of entitlement to service connection for HIV/AIDS and hepatitis C.

Factual Background and Legal Analysis

Service connection for HIV/AIDS and hepatitis C was denied in a May 2001 rating decision. The Veteran did not file an appeal and this determination is final. 38 U.S.C.A. § 7105. The Board must therefore review all of the evidence submitted since the last final disallowance to determine whether the appellant's claims of entitlement to service connection for such should be reopened and re-adjudicated de novo. See Evans v. Brown, 9 Vet.App. 273 (1996). 

The evidence that was of record prior to the RO's May 2001 rating decision denying service connection for HIV/AIDS and hepatitis C includes service treatment records showing that the Veteran stumbled and fell through a window in August 1974 sustaining laceration of the flexor digitorum sublimus and flexordigitorum profundus tendons of the right long finger, laceration of the radial and ulnar digital nerve of the right long finger and laceration of the radial digital nerve of the right ring finger. There was no mention of any excessive bleeding at the time of the incident. The appellant underwent surgical repair approximately five days later. The contemporaneous anesthesia notes record the steps that were taken during the procedure in detail, including types of anesthesia, blood pressure, pulse, respiration, and administration of intravenous fluids, including blood (symbolized by the letter B). No B or blood transfusion was recorded on the anesthesia record, nor was there any mention of any blood administered prior to, during or after surgery on the right hand in the extensive clinical reports. 

Post service, the Veteran was admitted to a VA facility in April 1995 where it was noted that he was a self-referral for the Alcohol/Drug Dependence Treatment Program. History was provided of being detoxified there in February 1995. He stated that he drank about a case of beer and a fifth of whiskey per week and had been doing so for about eight months. The Veteran related that he had snorted cocaine in the 1970s, and used "speed" from 1970 to 1980s. He denied intravenous drug use and homosexual activity. It was recorded that he was risk positive for HIV but that he did not want an HIV test at that time. Subsequent VA outpatient records dated in June 1995 reflect that hepatitis C was diagnosed for which the appellant received continuing treatment. The Veteran rendered a history of blood transfusions in 1974 and on two later dates for stab wounds. A VA hospital discharge summary in November 1999 reflects that he was admitted the previous month through urgent care complaining of chronic radiating abdominal pain and persistent vomiting. The Veteran related that eight weeks before at another VA facility, he had been told that he was HIV positive and had AIDS. He had been admitted for cryptococcal meningitis and treated for three weeks at that time. The Veteran stated that he had no prior knowledge of this diagnosis or of hepatitis and attributed the latter to a blood transfusion.

Claims for service connection of hepatitis C and HIV/AIDS due to blood transfusion in service were received in November 1999. By rating decision in May 2001, service connection was denied on the basis that service treatment records were negative for diagnoses, treatment or other findings of HIV/AIDS or hepatitis C and were also silent for any indication of a blood transfusion.

The Veteran most recently attempted to reopen the claims of entitlement to service connection for "blood borne diseases" from blood transfusions in service in December 2010. This application was accepted as a request to reopen the previously denied final claims of entitlement to service connection for HIV/AIDS and hepatitis C. Evidence submitted and incorporated into the record since the May 2001 rating decision denying same includes extensive VA clinical records dating from 1999 into 2016 showing treatment for multiple complaints and disorders, including continuing medical follow-up for HIV/AIDS and hepatitis C.

The Veteran presented testimony on personal hearing March 2016 to the effect that he was given 12 bags of "bad" blood at the time of his right hand laceration in service on account of the severe loss of blood at the time of the incident. He testified that he was told that he lost over two thirds of the blood in his body. The Veteran stated that soon after getting out of service, he began to get sick every year in the wintertime which led to a diagnosis of AIDS in the late 1990s. 

After reviewing the evidence in its entirety, the Board finds that new, but is either cumulative of evidence of record prior to the last final denials, or not material to the claims. The recent assertions that HIV/AIDs and hepatitis C are related to blood transfusions in service constitute the same premise the Veteran maintained prior to the May 2001 rating decision denying service connection for those disorders. His testimony is duplicative of assertions and statements he made in the past in support of the claims and is not probative. The Veteran cannot support these claims of the basis of his assertions alone. See Bostain v. West, 11 Vet.App. 124, 127 (1998). In summary, the evidence added to the record since the prior determination in May 2001 is merely cumulative and does not provide a basis to reopen the claims of entitlement to service connection for HIV/AIDS and hepatitis C. See 38 U.S.C.A. § 5108; 38 C.F.R. § 3.156. 


ORDER

The application to reopen the claim of entitlement to service connection for lumbar spine disability is granted.

The application to reopen the claim of entitlement to service connection for HIV/AIDS is denied. 

The application to reopen the claim of entitlement to service connection for hepatitis C is denied. 


REMAND

The Veteran asserts that he has had back symptoms since injury in service for which service connection should be granted. In the alternative, he argues that service connection for a back disorder is warranted on a secondary basis. As indicated above, service connection has recently been established for multiple orthopedic disorders affecting the knees, ankles and hips. There is no examination of record which takes into account these disabilities relative to the appellant's contentions of entitlement to service connection for a back disorder on a secondary basis.

The Veteran asserts that he has disability of the right side or ribs secondary to right knee disability. He testified that his doctors have told him he has muscle tumors related to service-connected right knee trauma for which service connection should be granted. The Board notes that the appellant has not had a VA examination in this regard and one will be scheduled to determine whether he has a disability of the right side/ribs, including muscle tumors, related to service or a service-connected disability.

VA is obligated to provide an examination where the record contains competent evidence that the claimant has a current disability, the record indicates that a disability or signs or symptoms of disability might be associated with active service or a service-connected disability, and the record does not contain sufficient information to make a decision on a claim. 38 U.S.C.A. § 5103A (West 2014); McLendon v. Nicholson, 20 Vet.App. 79, 83 (2006). As such, the Veteran will be scheduled for a current VA examination of the low back and right side/ribs, to include a clinical opinion.

Testimony was obtained from the Veteran in March 2016 to the effect that symptoms associated with his service-connected right hand disability had worsened and were more severely disabling than reflected by the currently assigned disability evaluation. He testified that he had no feeling or grip strength in the entire right hand and could not use it for driving, opening doors, or holding anything, especially if he was not thinking about it. The United States Court of Appeals for Veterans Claims (Court) has held that when a veteran claims that a disability is worse than when last examined by VA, VA must provide a new examination. Proscelle v. Derwinski, 2 Vet.App. 629, 632 (1992). As such, the appellant will be scheduled for current examination of the right hand. 

Accordingly, the case is REMANDED for the following actions:

1. Schedule the Veteran for an examination by an appropriate VA examiner to determine the etiology of the Veteran's low back disability and whether it is of service onset, or is secondary to or has been aggravated by service-connected disability, to include bilateral knee, bilateral ankle and bilateral hip disabilities. The examiner must be provided access to Virtual VA/VBMS for review prior to examination and indicate whether Virtual VA/VBMS is reviewed. All indicated tests and studies should be performed. The examination report should reflect consideration of the Veteran's documented medical history, current complaints, and other assertions, etc. The clinical findings should be reported in detail and correlated to a specific diagnoses. 

The examiner should specifically state whether it is at least as likely as not (i.e., 50 percent or higher probability) (a) current back disability is of service onset, or (b) current back disorder is caused by (secondary to) service-connected disability, including bilateral knee, ankle and hip disorders or (c) whether current low back disability is made chronically worse by (aggravated beyond normal progression of the disease process) service-connected disabilities. If aggravation is found, the examiner must offer an opinion as to the extent of the aggravation and provide a baseline prior to the aggravation.

The examination report must include complete rationale for the opinions and conclusions reached.

2. The Veteran should be scheduled for VA examination of the right side/ribs and an examination to evaluate the status of the service-connected right hand disability. The examiner must be provided access to Virtual VA/VBMS for review. The examiner must indicate whether Virtual VA/VBMS is reviewed. All indicated tests and studies should be performed. The examination report should reflect consideration of the Veteran's documented medical history, current complaints, and other assertions, etc. The clinical findings should be reported in detail and correlated to a specific diagnosis(es).

The examiner should specifically state whether it is at least as likely as not (i.e., 50 percent or higher probability) (a) the Veteran has any current disability of the right side/ribs, including muscle tumors, that is of service onset, or (b) is caused by (secondary to) service-connected disability, including bilateral hand, knee, ankle and hip disorders or (c) whether any current right side/rib disability is made chronically worse by (aggravated beyond normal progression of the disease process) by service-connected disabilities. If aggravation is found, the examiner must offer an opinion as to the extent of the aggravation and provide a baseline prior to the aggravation

The examination reports must include complete rationale for the opinions and conclusions reached.

3. The Veteran should be scheduled for VA examination to evaluate the current level of disability for the Veteran's service-connected right hand disability. The examiner must be provided access to Virtual VA/VBMS for review. The examiner must indicate whether Virtual VA/VBMS is reviewed. All indicated tests and studies should be performed. The examination report should reflect consideration of the Veteran's documented medical history, current complaints, and other assertions, etc. All necessary tests and studies should be conducted, and the clinical findings should be reported in detail.

4. The RO should ensure that the medical reports requested above comply with this remand, especially with respect to the instructions to provide competent medical opinions. If a report is insufficient, or if an action requested is not taken or is deficient, it must be returned for correction.

5. After taking any further development deemed appropriate, re-adjudicate the issues on appeal. If a benefit is not granted, provide the appellant and his representative a supplemental statement of the case and afford them an opportunity to respond before the case is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


______________________________________________
GAYLE E. STROMMEN
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs