Citation Nr: 1743993 
Decision Date: 09/18/17 Archive Date: 10/10/17

DOCKET NO. 17-13 836 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Indianapolis, Indiana


THE ISSUES

1. Whether new and material evidence has been received to reopen the claim of service connection for bilateral hearing loss.

2. Whether new and material evidence has been received to reopen the claim of service connection for tinnitus.

3. Entitlement to service connection for bilateral hearing loss.

4. Entitlement to service connection for tinnitus.


REPRESENTATION

Appellant represented by: The American Legion




ATTORNEY FOR THE BOARD

C. Jones, Associate Counsel


INTRODUCTION

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The Veteran served on active duty from April 1943 to July 1946 and from September 1950 to August 1951.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2012 determination issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Indianapolis, Indiana, which denied the appellant's petition to reopen the previously denied claims of service connection for bilateral hearing loss and tinnitus.

Thereafter, in an October 2013 rating decision, the RO reopened the service connection claims and confirmed and continued the previous denials. 


FINDINGS OF FACT

1. In November 2009 rating decision, the RO denied service connection for bilateral hearing loss and tinnitus. Although the Veteran was notified of the decision and his appellate rights in a November 2009 letter, he did not perfect an appeal within the applicable time period, nor was new and material evidence received within one year of the decision.

2. The evidence received since the final November 2009 rating decision denying service connection for bilateral hearing loss and tinnitus includes medical evidence which relates to an unestablished fact necessary to substantiate the claims and raises a reasonable possibility of substantiating the claims of service connection for bilateral hearing loss and tinnitus.

3. Resolving all doubt in favor of the Veteran, his bilateral hearing loss is the result of noise exposure during military service.

4. Affording the Veteran the benefit of the doubt, his tinnitus is associated with his service-connected bilateral hearing loss.


CONCLUSIONS OF LAW

1. The November 2009 rating decision denying service connection for bilateral hearing loss and tinnitus is final. 38 U.S.C.A. § 7105 (c) (West 2002); 38 C.F.R. §§ 3.104, 20.302, 20.1103 (2009).

2. New and material evidence has been received to warrant reopening of the claim of service connection for bilateral hearing loss. 38 U.S.C.A. §§ 5107, 5108 (West 2014); 38 C.F.R. § 3.156 (2016).

3. New and material evidence has been received to warrant reopening of the claim of service connection for tinnitus. 38 U.S.C.A. §§ 5107, 5108 (West 2014); 38 C.F.R. § 3.156 (2016).

4. The criteria for service connection for bilateral hearing loss have been met. 38 U.S.C.A. §§ 1110, 5107 (West 2014); 38 C.F.R. § 3.303 (2016).

5. The criteria for service connection for tinnitus have been met. 38 U.S.C.A. §§ 1110, 5107 (West 2014); 38 C.F.R. §§ 3.303, 3,310 (2016).





REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Veterans Claims Assistance Act of 2000 (VCAA)

In light of the favorable disposition below, the Board finds that any deficiency in VA's VCAA notice or development actions is harmless error with respect to the issues adjudicated in this decision.

I. Petition to Reopen the Claims of Service Connection for Bilateral Hearing Loss and Tinnitus 

In general, decisions of the RO and the Board that are not appealed in the prescribed time period are final. 38 U.S.C.A. §§ 7104, 7105 (West 2014); 38 C.F.R. § 20.1100, 20.1103 (2016). Pursuant to 38 U.S.C.A. § 5108, a finally disallowed claim may be reopened when new and material evidence is presented or secured with respect to that claim.

New evidence means existing evidence not previously submitted to agency decision makers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156 (2016). 

To reopen a previously disallowed claim, new and material evidence must be presented or secured since the last final disallowance of the claim on any basis, including on the basis that there was no new and material evidence to reopen the claim since a prior final disallowance. See Evans v. Brown, 9 Vet. App. 273, 285 (1996). For purposes of reopening a claim, the credibility of newly submitted evidence is generally presumed. See Justus v. Principi, 3 Vet. App. 510, 513 (1992).

The threshold for determining whether new and material evidence raises a reasonable possibility of substantiating a claim is low. See Shade v. Shinseki, 24 Vet. App. 110, 117 (2010). Furthermore, in determining whether this low threshold is met, VA should not limit its consideration to whether the newly submitted evidence relates specifically to the reason why the claim was last denied, but instead should ask whether the evidence could reasonably substantiate the claim were the claim to be reopened, to include by triggering the Secretary's duty to assist. Id. at 118.

Factual Background and Analysis

The Veteran's claims of service connection for bilateral hearing loss and tinnitus were initially denied in a November 2009 rating decision because there was no evidence that the Veteran had hearing loss or tinnitus or that the conditions began during military service or were caused by such service. 

The Veteran was notified of the determination and his appellate rights in a November 2009 letter. He did not appeal the RO's determination and no new and material evidence was received within a year of the issuance of the rating decision. Thus, the RO's November 2009 rating decision is final and not subject to revision on the same factual basis. See 38 U.S.C.A. § 7105(c) (2014); 38 C.F.R. §§ 3.104, 20.1103 (2016). 

The appellant now seeks to reopen the previously denied claims of service connection for bilateral hearing loss and tinnitus. As noted above, despite the finality of a prior adverse decision, a claim will be reopened and the former disposition reviewed if new and material evidence is presented or secured with respect to the claim which has been disallowed. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156 (2016).

The evidence of record at the time of the November 2009 rating decision included statements from the Veteran regarding noise exposure during active service. 

The additional evidence received since the final November 2009 rating decision includes additional lay statements from the Veteran regarding in-service noise exposure and a private medical record demonstrating a diagnosis of bilateral hearing loss and tinnitus. Also of record is the report of a September 2013 VA examination confirming diagnoses of hearing loss and tinnitus. The VA examination included a medical opinion in which the examiner noted that while an opinion regarding etiology of the appellant's hearing loss disability could not be provided without resort to speculation, it is possible that noise exposure prior to service, during service, and following service could have caused or contributed to the Veteran's hearing loss. With regard to tinnitus, the examiner noted that the Veteran was uncertain of the date/era of onset of the condition and reported that tinnitus is only in the right ear. She determined that it is not consistent with military noise exposure reported by the Veteran. However, she determined that evaluation by an ear, nose, and throat (ENT) specialist should be conducted to rule out retrocochlear pathology. 

The Board has carefully considered the record, with particular attention to the additional evidence received since the final November 2009 rating decision. After considering this additional evidence, the Board concludes that it is new and material warranting reopening of the claims. In this regard, the previous claims of service connection for bilateral hearing loss and tinnitus were denied because there was no evidence showing that the Veteran had been diagnosed with the claimed conditions. Additionally, there was no evidence to suggest that the conditions began during military service or were caused by such service. As detailed herein, the evidence subsequent to the November 2009 Board decision demonstrates that the Veteran has been diagnosed with a bilateral hearing loss disability and tinnitus. The evidence further suggests the appellant's hearing loss disability may be caused by in-service noise exposure. The Board finds that this evidence, when presumed credible, relates to unestablished facts necessary to substantiate the claims and would trigger VA's duty to provide a medical examination to determine if the appellant's current hearing loss disability and tinnitus are related to active military service. 38 C.F.R. § 3.159(c)(4) (2014); McLendon v. Nicholson, 20 Vet. App. 79 (2006). 

Under these circumstances, the Board finds that new and material evidence has been presented. Shade v. Shinseki, 24 Vet. App. 110, 117-18 (2010). Accordingly, the Board finds that the Veteran's previously denied claims of service connection for bilateral hearing loss and tinnitus are reopened. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156 (2016).

II. Service Connection for Bilateral Hearing Loss and Tinnitus

Service connection may be granted for disability resulting from personal injury suffered or disease contracted in the line of duty or for aggravation of a pre-existing injury or disease in the line of duty. 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. §§ 3.303, 3.304, 3.306 (2016). 

Service connection may also be granted for any injury or disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease or injury was incurred in service. 38 C.F.R. § 3.303(d) (2016).

Service connection for certain chronic diseases, including an organic disease of the nervous system like sensorineural hearing loss and tinnitus, may also be established on a presumptive basis by showing that such a disease manifested itself to a degree of 10 percent or more within one year from the date of separation from service. 38 U.S.C.A. §§ 1101, 1112, 1137 (West 2014); 38 C.F.R. §§ 3.307(a)(3), 3.309(a) (2016); Fountain v. McDonald, 27 Vet.App. 258 (2015) (holding that section 3.309(a) includes tinnitus, at a minimum where there is evidence of acoustic trauma, as an organic disease of the nervous system). In such cases, the disease is presumed under the law to have had its onset in service even though there is no evidence of such disease during the period of service. 38 C.F.R. § 3.307(a) (2016); see also Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

For the showing of chronic disease in service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. If chronicity in service is not established, a showing of continuity of symptoms after discharge is required to support the claim. 38 C.F.R. § 3.303(b). A claimant can establish continuity of symptomatology with competent evidence showing: (1) that a condition was noted during service; (2) post-service continuity of the same symptomatology; and (3) a nexus between a current disability and the post-service symptomatology. Savage v. Gober, 10 Vet. App. 488, 495-96 (1997); 38 C.F.R. § 3.303(b).

Service connection may be established on a secondary basis under 38 C.F.R. § 3.310(a). Establishing service connection on a secondary basis requires evidence sufficient to show (1) that a current disability exists and (2) that the current disability was either (a) caused by or (b) aggravated by a service-connected disability. Allen v. Brown, 7 Vet. App. 439, 448 (1995) (en banc). 

In addition to the criteria set forth above, service connection for impaired hearing is subject to the additional requirement of 38 C.F.R. § 3.385, which provides that impaired hearing will be considered to be a disability only if at least one of the thresholds for the frequencies of 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels or greater; the thresholds for at least three of the frequencies are greater than 25 decibels; or speech recognition scores using the Maryland CNC Test are less than 94 percent. See also Hensley v. Brown, 5 Vet. App. 155 (1993).

The standard of proof to be applied in decisions on claims for VA benefits is set forth in 38 U.S.C.A. § 5107(b). Under that provision, VA shall consider all information and lay and medical evidence of record in a case before the Secretary with respect to benefits under laws administered by the Secretary. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107(b) (West 2014); see also Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Factual Background

The Veteran asserts that service connection for bilateral hearing loss and tinnitus is warranted. He contends that the conditions are due to noise exposure during active service. 

At the outset, the Board notes that the Veteran's service treatment records could not be located. The records were presumably destroyed in a fire at that National Personnel Records Center.

A review of the Veteran's Certificate of Release or Discharge from Active Duty (DD Form 214) for his period of service from April 1943 to July 1946 demonstrates that his military occupational specialty was chief clerk. His military quantifications include the rifle expert badge. The DD Form 214 for the Veteran's period of service from September 1950 to August 1951 shows that his decorations include the Korean Service Medal with 1 Bronze Star. 

The Veteran underwent a VA examination in September 2013. Audiometric testing conducted in connection with that examination showed pure tone thresholds, in decibels, as follows:



 Hz 



500
1000
2000
3000
4000
RIGHT
40
55
60
60
65
LEFT
35
15
55
55
60

Speech recognition was 64 percent in the right ear and 92 percent in the left ear. The examiner diagnosed bilateral sensorineural hearing loss in the frequency range of 500 to 4000 Hz. She determined that she could not provide a medical opinion regarding etiology of the Veteran's hearing loss without speculation. In this regard, she noted that service treatment records were not available for review. The Veteran reported the onset of hearing problems shortly after leaving military service in 1946. He also reported an extensive history of noise exposure before service, in service, during a period after 1946 and before service from 1950 to 1951, during service in Korea, and following service. The examiner determined that any or all of the reported noise exposures could have caused/contributed to hearing loss found on examination. She indicated that hearing loss related to noise exposure is known to occur only immediately following the damaging noise exposure. Currently, the Veteran's reports are the only evidence from the military service era. The examiner determined that he appellant's reports did not appear to link miliary service noise exposure with onset of hearing loss, however, without further evidence; it is not possible to determine the locus of hearing loss. 

The examiner also noted that the Veteran had a diagnosis of tinnitus, however she determined that it was less likely than not that the condition was caused by or a result of military noise exposure. In this regard, she noted that the Veteran did not know the date and circumstances of the onset of tinnitus. He reported tinnitus in only in the right ear; which the examiner indicated is not consistent with military noise exposure reported by the Veteran. She determined that evaluation by an ear, nose, and throat (ENT) specialist should be conducted to rule out retrocochlear pathology. 

In a number of lay statements provided by the appellant, he indicated that during active service, his noise exposure included rifles and artillery fire. 

Analysis

Bilateral Hearing Loss

After a review of the evidence, the Board finds that service connection is warranted for bilateral ear hearing loss. 

First, the evidence shows current bilateral hearing loss. In this regard, the Veteran was diagnosed with a bilateral sensorineural hearing loss disability during the September 2013 VA examination.

Next, the evidence shows in-service noise exposure. As detailed above, the Veteran's decorations include the rifle expert badge. The Veteran has also reported noise exposure during service. The Board finds his statements credible. Accordingly, in-service noise exposure is established. 

Having established a current disability and conceded in-service noise exposure, the question for consideration is whether the Veteran's bilateral hearing loss is related to such in-service exposure.

The Board acknowledges that the September 2013 VA examiner concluded that she could not provide an opinion regarding the locus of the Veteran's hearing loss without additional evidence. She noted that the Veteran reported an extensive history of noise exposure before service, during both periods of active service, and following service. She determined that any or all of these noise exposures could have caused/contributed to hearing loss. 

It appears that without the Veteran's service treatment records, the examiner felt that the exact etiology of the Veteran's current hearing loss could not be known to a certainty. As set forth above, however, absolute certainty is not required in claims for VA benefits. Rather, under the benefit-of-the-doubt rule, for the Veteran to prevail, there need not be a preponderance of the evidence in his favor, but only an approximate balance of the positive and negative evidence. In other words, the preponderance of the evidence must be against the claim for the benefit to be denied. See Gilbert, 1 Vet. App. at 54. Given the examiner's conclusion that the Veteran's hearing loss is due to noise exposure, either prior to, in, or after service, such a conclusion cannot be made in this case.

Thus, resolving reasonable doubt in favor of the Veteran, service connection is warranted for bilateral hearing loss. 38 U.S.C.A. § 5107(b).

Tinnitus

After carefully considering the record on appeal, and affording the Veteran the benefit of the doubt, the Board finds that service connection for tinnitus is warranted. 

At the outset, the Board notes that tinnitus is a chronic disease and, as such, service connection may be warranted on the basis of continuity of symptoms or on a presumptive basis. However, the documented evidence of record does not indicate that the Veteran developed tinnitus during service or that there was continuity of tinnitus symptoms since service. As set forth above, the Veteran has indicated that he is uncertain about the onset tinnitus. He has not otherwise reported that the condition has persisted since active service. Thus, the Board finds that the most probative evidence establishes that tinnitus was not present during active service and that continuity of symptomatology has not been established by the record.

Additionally, the record contains no indication, lay or clinical, that tinnitus manifested to a compensable degree within one year of separation from active service. Although during the September 2013 VA examination the appellant reported that it seemed like tinnitus had been present forever, the examiner noted that the Veteran could not recall specific details regarding the date or onset of the condition. As such, service connection for tinnitus on a presumptive basis is also not warranted. 

Although the most probative evidence establishes that tinnitus was not present during the appellant's period of active service or manifested to a compensable degree within one year of separation from such service, service connection may nonetheless be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. In this case, however, the record preponderates against finding that the Veteran's current tinnitus is causally related to his active service.

As set forth above, after examining the appellant and reviewing the record, the September 2013 VA examiner concluded that the appellant's current tinnitus is less likely than not related to his active military service. The Board finds that the VA examiner's opinion is persuasive and assigns it significant probative weight. In this regard, the examiner based her opinion on a review of pertinent medical evidence. Moreover, she provided an explanation for her conclusion. Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008). The Board notes that the Veteran has not provided any medical evidence or opinions to contradict the examiner's findings. 

The Board acknowledges the Veteran's assertion that his tinnitus is related to military service. Although in some cases a layperson is competent to offer an opinion addressing the etiology of a disorder, the Board finds that, in this case, the determination of the origin of tinnitus is a medical question not subject to lay expertise. See Jandreua v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). The condition involves a pathological process that is not readily observable to a layperson. The Board finds that in light of the non-observable nature of the pathology, the issue of the origin of the diagnosed tinnitus is a medical question requiring medical training, expertise and experience.

Although the record does not support an award of service connection for tinnitus on a direct or presumptive basis, the Board finds that secondary service connection is warranted in light of the decision above awarding service connection for bilateral hearing loss. The Board notes that it is medically well established that tinnitus may occur as a symptom of sensorineural or noise induced hearing loss. The Merck Manual, Sec. 7, Ch. 82, Approach to the Patient with Ear Problems. As set forth above, the medical evidence of record reflects that the Veteran's service-connected bilateral hearing loss is a result of his exposure to acoustic trauma during service. The Board notes that "high frequency tinnitus usually accompanies [noise-induced] hearing loss." The Merck Manual, Section 7, Cha. 85, Inner Ear. 

Accordingly, given the grant of service connection for bilateral hearing loss and The Merck Manual indicating that tinnitus may occur as a symptom of sensorineural hearing loss, and resolving all doubt in the Veteran's favor, the Board finds that service connection for tinnitus is warranted. 38 U.S.C.A. § 5107 (West 2014); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


ORDER

New and material evidence having been received, the application to reopen the previously denied claim of entitlement to service connection for bilateral hearing loss is granted.

New and material evidence having been received, the application to reopen the previously denied claim of entitlement to service connection for tinnitus is granted.

Entitlement to service connection for bilateral hearing loss is granted. 

Entitlement to service connection for tinnitus is granted. 



______________________________________________
K. Conner
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs