﻿Citation Nr: 18132485
Decision Date: 09/06/18 Archive Date: 09/06/18

DOCKET NO. 15-46 371
DATE: September 6, 2018
ORDER
New and material evidence having been submitted, the claim of entitlement to service connection for otitis media, to include as secondary to a deviated septum is reopened; to this extent only, the appeal is granted. 
New and material evidence having been submitted, the claim of entitlement to service connection for stomach ulcers, to include gastroesophageal reflux disease (GERD) is reopened; to this extent only, the appeal is granted. 
REMANDED
Entitlement to service connection for otitis media, to include as secondary to a deviated septum, is remanded.
Entitlement to service connection for stomach ulcers, to include GERD is remanded.
Entitlement to service connection for ischemic heart disease (IHD) is remanded.

FINDINGS OF FACT
1. Service connection for otitis and service connection for epigastric distress were denied in an October 1996 rating decision in part on the basis that the conditions were not related to service.
2. The Veteran did not file a notice of disagreement for the October 1996 rating decision, and that decision became final.
3. The Veteran filed a new claim in April 2012 for entitlement to service connection for otitis media and entitlement to service connection for peptic ulcers.
4. The RO denied service connection for otitis media and peptic ulcers in September 2013 on the basis that the new evidence received was not new and material, and that therefore, the claim had not been successfully reopened.
CONCLUSIONS OF LAW
1. New and material evidence has been received, and the Veteran’s claim for service connection for otitis media is reopened. 38 U.S.C. § 5108 (2012); 38 C.F.R. § 3.156(a) (2017).
2. New and material evidence has been received, and the Veteran’s claim for service connection for peptic ulcers is reopened. 38 U.S.C. § 5108 (2012); 38 C.F.R. § 3.156(a) (2017).
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
The Veteran had active service from September 1970 to April 1972.
This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a September 2013 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Saint Louis, Missouri.
New and Material Evidence
Service connection for otitis and service connection for epigastric distress were initially denied in an October 1996 rating decision. The RO found that the Veteran received treatment for a chronic ear infection after service, but the service medical records were negative for any complaint of, treatment for, or diagnosis of otitis. It also found that the Veteran suffered from epigastric distress during service, but it was acute and transitory and therefore did not warrant service connection.
A claim which has been finally denied may not thereafter be reopened and allowed. 38 U.S.C. §§ 7104(b), 7105(c). The exception to this rule is 38 U.S.C. § 5108, which provides that if new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim. New evidence is defined as existing evidence not previously submitted to agency decision makers. Material evidence means evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence previously of record, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a). In determining whether evidence is new and material, the credibility of the evidence is generally presumed. Justus v. Principi, 3 Vet. App. 510, 512-13 (1992).
The evidence received since the October 1996 rating decision includes a statement from the December 2015 Substantive Appeal, VA Form 9, where the Veteran indicated that he had left ear problems with a permanent tube implanted since he was in Korea, and problems with acid reflux and ulcers when he was in Korea. The evidence is new as it was not previously considered and material as it pertains to an unestablished fact of the claim, i.e., evidence of current disabilities with links to service; therefore, raising a reasonable possibility of substantiating the claim. See Shade v. Shinseki, 24 Vet. App. 110 (2010). New and material evidence having been submitted, reopening of the previously denied claim is appropriate.
However, adjudication of the Veteran’s claim does not end with the determination that new and material evidence has been received. For the reasons detailed in the remand section, additional development is required for a full and fair adjudication of the underlying service connection claim.
REASONS FOR REMAND
1. Otitis Media
Regarding the Veteran’s claim for entitlement to service connection for otitis media as secondary to service-connected deviated septum, a VA examination was performed in October 2015. However, the examiner’s opinions were incomplete, as the examiner provided a negative nexus opinion with regards to causation but did not offer an opinion as to aggravation. See El-Amin v. Shinseki, 26 Vet. App. 136, 140 (2013).
2. Stomach Ulcers, to Include GERD.
The Veteran received a VA examination in December 2010 and was diagnosed with GERD. The examiner found that the disability was less likely than not caused by service, as the separation examination did not note a diagnosis or chronicity of gastric symptoms, and there was no documentation supporting chronicity for GERD from 1972 to 2012. The Board notes that a medical opinion based solely on the absence of documentation in the record is inadequate and that a medical opinion is also inadequate if it does not take into account the Veteran’s reports of symptoms and history (even if recorded in the course of the examination). Dalton v. Peake, 21 Vet. App. 23 (2007). Therefore, this claim must be remanded for a new examination.

3. IHD
As the Veteran’s medical records establish a diagnosis or persistent symptoms of IHD and there is an indication, through assertions of the Veteran, that the disability may be related to service, the Board finds that a medical examination with an opinion is necessary to decide the claims. 38 C.F.R. § 3.159(c)(4); McLendon v. Nicholson, 20 Vet. App. 70 (2006). Specifically, a remand is required to afford the Veteran VA examinations to determine the nature and etiology of this disability.
The matters are REMANDED for the following action:
1. Schedule the Veteran for a VA examination to determine the nature and etiology of his otitis media. The claims file must be made available to the examiner, and the examiner must specify in the examination report that these records have been reviewed.
The examiner is asked to opine as to whether it is as least as likely as not (50 percent probability or more) that the Veteran’s otitis media had its onset in service or is otherwise the result of an incident in service.
The examiner is also asked to opine as to whether it is at least as likely as not (50 percent probability or greater) that the Veteran’s otitis media was caused or aggravated by his service-connected deviated septum. Aggravation is defined for these purposes as a worsening of the underlying condition versus a temporary flare-up of symptoms.
If the examiner finds that the Veteran’s otitis media has been permanently aggravated/worsened by his service-connected condition, the degree of worsening should be identified. 
The examiner should consider all evidence, including lay statements, medical records, and other medical opinions of record. Any opinions offered should be accompanied by a clear rationale consistent with the evidence of record.
2. Schedule the Veteran for a VA examination to determine the nature and etiology of his stomach disabilities. The examiner should review the claims folder and note such review in the examination report.
The examiner should provide an opinion as to whether it is at least as likely as not (50 percent probability or greater) that any diagnosed stomach disability had its onset or is otherwise related to the Veteran’s military service. 
The examiner should consider all evidence, including lay statements, medical records, and other medical opinions of record. Any opinions offered should be accompanied by a clear rationale consistent with the evidence of record.
3. Schedule the Veteran for a VA examination to determine the nature and etiology of his IHD. The claims file must be made available to the examiner, and the examiner must specify in the examination report that these records have been reviewed. 
The examiner is asked to opine as to whether it is as least as likely as not (50 percent probability or more) that the Veteran’s IHD had its onset in service or is otherwise the result of an incident in service.
The examiner should consider all evidence, including lay statements, medical records, and other medical opinions of record. Any opinions offered should be accompanied by a clear rationale consistent with the evidence of record.

 
Michael J. Skaltsounis
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD A. Daniels, Associate Counsel