Citation Nr: 1817430 
Decision Date: 03/22/18 Archive Date: 04/03/18

DOCKET NO. 14-40 073 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUES

1. Whether new and material evidence has been received to reopen the previously denied claim of service connection for a left shoulder disability.

2. Entitlement to service connection for a left shoulder disability.


REPRESENTATION

Veteran represented by: Texas Veterans Commission


WITNESS AT HEARING ON APPEAL

The Veteran



ATTORNEY FOR THE BOARD

P. Lopez, Associate Counsel


INTRODUCTION

The veteran served on active duty from February 1968 to April 1968.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO). 

In June 2017, the Veteran testified at a Board hearing held via videoconference. 
A transcript of that hearing is of record.

The issue of service connection for a left shoulder disability is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. A March 1972 rating decision denied service connection for a left shoulder disability; the Veteran did not appeal; and VA did not receive any additional evidence with one year of the March 1972 rating decision.

2. Since the last final denial in March 1972, new and material evidence related to a left shoulder disability has been received.



CONCLUSIONS OF LAW

1. The March 1972 denial of service connection for a left shoulder disability became final. 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. §§ 3.104, 3.156(b) (2017).

2. New and material evidence has been received to reopen the previously denied claim for a left shoulder disability. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156(a) (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran seeks service connection for a left shoulder disability. In October 1968, he submitted a claim of service connection for dislocated left shoulder. See 10/31/1968, VA 21-526 Veterans Application for Compensation. VA denied this claim in December 1968, based on a finding that the Veteran's left shoulder disability was not incurred in or aggravated by his period of service. See 12/06/1968, Notification Letter. Shortly thereafter, VA reopened the claim, but again denied it. See 03/13/1972, Rating Decision. The RO determined that the claimed disability was not incurred in, or otherwise related to, service. Id. The Veteran did not appeal this denial, and no new evidence was received within one year of its issuance. As such, the March 1972 rating decision became final. 

In June 2011, the Veteran resubmitted his claim of service connection for a left shoulder injury. See 06/08/2011, Statement in Support of Claim. 

Where a claim has been finally adjudicated, a claimant must present new and material evidence in order to reopen the previously denied claim. See 38 U.S.C.A. § 5108; 38 C.F.R. § 3.156(a); see also Wakeford v. Brown, 8 Vet. App. 239 -40 (1995). New evidence is that which was not previously submitted to agency decision makers. Material evidence is that which by itself, or when considered with previous evidence of record, relates to an unestablished fact that is necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last final denial, and it must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a). 

For the purpose of reopening, evidence received is generally presumed credible. Justus v. Principi, 3 Vet. App. 510, 513 (1992). There is a low threshold for finding new evidence that raises a reasonable possibility of substantiating a claim. Shade v. Shinseki, 24 Vet. App. 110, 117 (2010). VA should consider whether the newly received evidence could reasonably substantiate the claim were the claim to be reopened, including whether VA's duty to provide a VA examination is triggered. There must be new and material evidence as to at least one of the bases of the prior disallowance to warrant reopening. Shade, 24 Vet. App. at 117-20. 

Since the last final denial in March 1972, VA has received new and material evidence to support a reopening of the previously denied claim. Specifically, the Veteran has submitted written statements and oral testimony regarding a left shoulder injury during basic training. See 10/04/2011, NOD; 06/09/2017, Hearing Transcript. In essence, the Veteran asserts that he injured his left shoulder during a training exercise in Camp Pendleton, that he was sent to the clinic, then to Balboa Hospital, where his arm was pulled back into the joint and he was hospitalized for two days. The Veteran's service treatment records show treatment for a preexisting right shoulder disability, for which he was ultimately discharged. Additionally, an April 9, 1968, note shows a report of left arm numbness, and an April 11, 1968, annotation appears to reference the Veteran left shoulder. The Veteran asserts that his in-service injury led to the development of subsequent left shoulder issues, to include requiring surgery in January 1969. At his Board hearing, the Veteran stated that both service treatment records and the medical board report focused on his right shoulder while ignoring his left. The Board interprets this statement as an assertion that there were irregularities in his service treatment and discharge process. 

This evidence, which was not previously available, raises a reasonable possibility of substantiating the claim, as it suggests that the Veteran experienced an underreported left shoulder injury in service, which might account for subsequent left shoulder issues. For this reason, the claim of service connection for a left shoulder disability is reopened. See 38 U.S.C.A. §5108; 38 C.F.R. §3.156(a). 

ORDER

New and material evidence having been received, the petition to reopen the claim of service connection for a left shoulder disability is granted.


REMAND

The Veteran asserts that he experienced a left shoulder injury in service. See, e.g., 10/31/1968, Veterans Application for Compensation. He believes that his in-service injury led to the development of subsequent left shoulder issues, to include requiring surgery in January 1969. See 10/04/2011, NOD; 06/09/2017, Hearing Transcript. The Veteran has asserted that he injured his left shoulder during basic training, specifically during a pole lifting exercise, in Camp Pendleton. See 10/04/2011, NOD; 11/12/2014, Form 9. He further indicated that he was sent to the camp's clinic, from where he was then sent to Balboa Hospital (currently known as Naval Medical Center San Diego, also known as Bob Wilson Naval Hospital); there, his arm was pulled back into the joint, he was medicated with pain killers, a sling was placed to immobilize his arm, and he was hospitalized for two days. Id. He also stated that he underwent surgery at the Oklahoma City VA Hospital in 1972, and at the Audie L. Murphy Memorial VA Hospital, in San Antonio, in the 1980s. Id. 

There is no indication that VA has made a specific request for any available records from the Naval Medical Center San Diego (informally known as Balboa Hospital) relating to the Veteran's reported treatment of a left shoulder injury. As any such records would help to substantiate the Veteran's claim, they should be requested.

Similarly, there is no indication that VA has requested records related to the Veteran's surgeries at two different VA facilities in 1972 and in the 1980s. See 08/24/2015, Deferred Rating (acknowledging need to obtain such records). As it is likely that these records are relevant to the Veteran's claim, VA should take appropriate action to obtain them. See Bell v. Derwinski, 2 Vet. App. 611 (1992) (stating that VA medical records are in constructive possession of the agency, and must be obtained if the material could be determinative of the claim).

VA is obliged to provide an examination or obtain a medical opinion in a claim of service connection when the record contains competent evidence that the claimant has a current disability or signs and symptoms of a current disability, the record indicates that the disability or signs and symptoms of disability may be associated with active service, and the record does not contain sufficient information to make a decision on the claim. 38 U.S.C.A. § 5103A(d); McLendon v. Nicholson, 20 Vet. App. 79 (2006). The threshold for finding a link between current disability and service is low. McLendon, 20 Vet. App. at 83. The Veteran's reports of a continuity of symptomatology can satisfy the requirement for evidence that the claimed disability may be related to service. Id. at 83.

Here, VA has not provided a VA examination to determine the nature and etiology of the Veteran's left shoulder disability. There is, however, an indication that the claimed disability may be related to service. 

The Veteran has stated that he first injured his left shoulder in service. His service treatment records show treatment for a preexisting right shoulder condition, for which the Veteran was ultimately discharged. The only references to the left arm/shoulder appear in an April 1968 treatment record. This record shows that, on April 9, 1968, the Veteran was treated for an acute anxiety reaction. The relevant note indicates that the Veteran was due to be discharged the following week. It further notes that the Veteran reported left arm numbness ("left arm asleep now"), but had good circulation on examination. At the bottom of the same page, there is an annotation dated April 11, 1968, which references one of the Veteran's shoulders. However, it is unclear whether the letter preceding the word "shoulder" is an L or an R. As there is doubt in this regard, the Board, resolving the doubt in the Veteran's favor, assumes that the annotation refers to the left shoulder in light of being seen for the left shoulder only 2 days earlier. 

In addition, an October 18, 1968, private treatment note shows treatment for an apparent dislocation of the left shoulder. See 11/12/1968, Medical Treatment Record - Non-Government Facility. A February 5, 1969, treatment record reflects that the Veteran underwent Putti-Platt reconstruction of the left shoulder in January 21, 1969. Significantly, the treatment summary indicates that the Veteran had a history of recurrent left shoulder dislocation, on at least six occasions. In view of this, the Board finds that the threshold for a VA examination has been met.

Finally, the record shows that the Veteran receives treatment through the VA system. On remand, the AOJ should obtain any outstanding VA treatment records.

Accordingly, the case is REMANDED for the following actions:

1. Obtain any outstanding VA treatment records, to include any records of left shoulder treatment since separation from service. In this regard, the Veteran has indicated that he underwent surgery at the Oklahoma City VA Hospital in 1972, and at the Audie L. Murphy Memorial VA Hospital, in San Antonio, in the 1980s. 
If such records are unavailable, document such in the claims file and notify the Veteran.

2. Take appropriate action to obtain any available records of treatment at Balboa Hospital in March/April 1968. The Veteran has stated that he was treated there for an in-service left shoulder injury, which required two days of hospitalization. If such records are unavailable, document such in the claims file and notify the Veteran. 

3. Thereafter, schedule the Veteran for a VA examination to determine the nature and etiology of his left shoulder disability. Review of the claims file should be noted in the examiner's report. 


The examiner should respond to the following:

(a) Identify any current left shoulder disabilities.

(b) For any current left shoulder disability, provide an opinion as to whether it is at least as likely as not (probability of 50 percent or greater) related to service.

The examiner should note that treatment records from October 1968 and February 1969 show a history of recurrent left shoulder dislocations. The examiner should consider whether such history began in service or is the result of an injury in service. In this regard, the examiner should note that the Veteran has reported a left shoulder injury in service, and that service treatment records from April 1968 appear to show that the Veteran had left arm/shoulder symptoms. The examiner should ask the Veteran to relate what left shoulder symptoms he experienced in service.

(c) In the event that the examiner finds clear and unmistakable evidence that a left shoulder disability preexisted service, he or she should then indicate whether there is also clear and unmistakable evidence that the preexisting left shoulder disability was NOT aggravated beyond its natural progression by active service.

The examiner should provide a comprehensive medical rationale for any opinion offered. In forming an opinion, the examiner should not rely solely on the absence of corroborating evidence (of either treatment or a diagnosis). Rather, the examiner should consider the extent to which there is a medical nexus between any in-service symptoms and a current disability. If the examiner cannot offer an opinion without resort to speculation, he or she should explain why and state what additional evidence, if any, would be required to offer an opinion.

4. If the benefit sought on appeal remains denied, issue a Supplemental Statement of the Case before returning the case to the Board, if otherwise in order.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). All claims remanded for additional development or other appropriate action must be handled expeditiously. See 38 U.S.C.A. §§ 5109B, 7112 (2014).




______________________________________________
Paul Sorisio
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs