Citation Nr: 1826245 
Decision Date: 04/30/18 Archive Date: 05/07/18

DOCKET NO. 16-23 884 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Whether new and material evidence has been submitted in order to reopen a claim for entitlement to service connection for an acquired psychiatric disability, to include depression, including as due to service-connected hypertension, and if so, whether service connection is warranted. 


REPRESENTATION

Veteran represented by: J. Michael Woods, Attorney


ATTORNEY FOR THE BOARD

J. Unger, Associate Counsel 




INTRODUCTION

The Veteran served on active duty from July 1973 to July 1975 and from May 1979 to November 1989.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2013 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. The RO essentially reopened a previously denied claim of service connection for an acquired psychiatric disability, to include depression, including as due to service-connected hypertension (which the RO characterized as depression associated with hypertension now claimed as depression and paranoid schizophrenia), and denied this claim on the merits. The Veteran disagreed with this decision in June 2014. He perfected a timely appeal in May 2016. 

In a January 2018 decision, the Board in pertinent part, found that the May 2010 rating decision which denied the Veteran's claim for service connection for an acquired psychiatric disability, to include depression, including as due to service-connected hypertension (which was characterized as depression) was final and that evidence submitted since the prior May 2010 rating decision was either cumulative or redundant of the evidence previously submitted. For reasons discussed below, the portion of the Board January 2018 decision which denied the Veteran's petition to reopen his claim for service connection for an acquired psychiatric disability is vacated. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C. § 7107(a)(2) (2012).


FINDINGS OF FACT

1. On January 11, 2018, the Board issued a decision and remand that, in pertinent part, denied a petition to reopen a claim of entitlement to service connection for an acquired psychiatric disability, to include depression, including as due to service-connected hypertension.

2. Subsequently, the Board discovered that additional pertinent and material evidence had been received by VA prior to issuing the January 11, 2018 decision, but had not been considered at that time. 

3. In a final rating decision issued in May 2010, the RO, in pertinent part, denied the Veteran's claim of entitlement to service connection for an acquired psychiatric disability, to include depression, including as due to service-connected hypertension (which was characterized as depression). 

4. Evidence added to the record since the final denial in May 2010 is not cumulative or redundant of the evidence of record at the time of the decision and raises a reasonable possibility of substantiating the Veteran's claim of entitlement to service connection for an acquired psychiatric disability, to include depression, including as due to service-connected hypertension (which was characterized as depression).

5. Resolving all doubt in favor of the Veteran, an acquired psychiatric disability, to include depression, is as likely as not related to his military service.


CONCLUSIONS OF LAW

1. The January 11, 2018 Board decision, insofar as it denied the Veteran's petition to reopen his claim of entitlement to service connection for an acquired psychiatric disability, to include depression, including as due to service-connected hypertension, is vacated. 38 U.S.C. § 7104(a)(2012); 38 C.F.R. § 20.904 (2017). 

2. New and material evidence has been received; the claim of entitlement to service connection for an acquired psychiatric disability, to include depression, including as due to service-connected hypertension consequently is reopened. 38 U.S.C. §§ 5108, 7105 (2012); 38 C.F.R. §§ 3.104 (a), 3.156, 3.160(d), 20.200, 20.1103 (2017).
3. The criteria for service connection for an acquired psychiatric disability, to include depression, are met. 38 U.S.C. §§ 1131, 5107(b) (2012); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.310 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Partial vacatur 

The Board may vacate an appellate decision at any time upon request of the Veteran or his or her representative, or on the Board's own motion, when a Veteran has been denied due process of law or when benefits were allowed based on false or fraudulent evidence. 38 U.S.C. § 7104(a)(2012); 38 C.F.R. § 20.904 (2017). 

As stated above, the Board's January 11, 2018 denial of the Veteran's petition to reopen the claim of service connection for an acquired psychiatric disability, to include depression, including as due to service-connected hypertension was issued without consideration of pertinent and material evidence that VA received prior to that date. Accordingly, the Board, on its own motion, has determined that the January 11, 2018 denial of a petition to reopen service connection for an acquired psychiatric disability, to include depression, including as due to service-connected hypertension should be vacated and a new decision should be issued in its place. However, it is critical to note that the other determinations in the January 11, 2018 decision and remand (addressing the denial of a petition to reopen a claim for service connection for a respiratory disability, to include chronic bronchitis, and remanded claims for increased ratings for chronic kidney disease and coronary artery disease, and entitlement to a total disability rating based on individual unemployability) remain undisturbed by this vacatur.

II. Petition to reopen 

As the Board's decision to reopen and grant the Veteran's claim for service connection for an acquired psychiatric disability, to include depression, including as due to service-connected hypertension is a complete grant of the benefits sought on appeal, no further action is required to comply with the Veterans Claims Assistance Act of 2000 and implementing regulations.

In adjudicating these claims, the Board has reviewed all of the evidence in the record on appeal. Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss each and every piece of evidence, certainly not in exhaustive detail. Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000). Hence, the Board will summarize the relevant evidence as deemed appropriate, and the Board's analysis will focus specifically on what the evidence shows, or fails to show, concerning the claims.

Generally, when a claim is disallowed, it may not be reopened and allowed, and a claim based on the same factual basis may not be considered. 38 U.S.C. § 7105. However, a claim on which there is a final decision may be reopened if new and material evidence is submitted. 38 U.S.C. § 5108.

"New" evidence means existing evidence not previously submitted to agency decision-makers. "Material" evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156 (a).

When determining whether the claim should be reopened, the credibility of the newly-submitted evidence is to be presumed. Fortuck v. Principi, 17 Vet. App. 173, 179-80 (2003). See also Justus v. Principi, 3 Vet. App. 510, 513 (1992). 

The Veterans Court (CAVC) has held that the requirement of new and material evidence raising a reasonable possibility of substantiating the claim is a "low threshold." Specifically, the Court interpreted the language of the post-VCAA version of 38 C.F.R. § 3.156 (a) as creating a low threshold and viewed the phrase "raises a reasonable possibility of substantiating the claim" as "enabling rather than precluding reopening." See Shade v. Shinseki, 24 Vet. App. 110 (2010).
To substantiate a claim of entitlement to service connection, there must be evidence of: (1) the current existence of the disability being claimed or, at the very least, indication of its existence at some point since or contemporaneous to the filing of the claim; (2) incurrence or aggravation of a relevant disease or an injury in service; and (3) a correlation, i.e., "nexus", between the disease or injury in service and the current disability. See Shedden v. Principi, 381 F.3d 1153, 1166-1167 (Fed. Cir. 2004); 38 C.F.R. § 3.303 (a).

The determination as to whether these requirements are met is based on an analysis of all of the evidence of record and the evaluation of its competency and credibility to determine its ultimate probative value in relation to other relevant evidence. Baldwin v. West, 13 Vet. App. 1 (1999).

When there is an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each such issue shall be given to the claimant. 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102. When all of the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, meaning about evenly balanced for versus against the claim, with the Veteran prevailing in either event, or whether instead a fair preponderance of the evidence is against the claim, in which case the claim is denied. Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990). 

Turning now to the relevant facts, a May 2010 rating decision, in pertinent part, originally denied service connection for an acquired psychiatric disability, to include depression, including as due to service-connected hypertension (which the RO characterized as depression) based on a finding that the evidence of record did not show that such condition had its onset in service or that it was related to the Veteran's service-connected hypertension. 

The Veteran was notified of the decision and of his appellate rights, and he did not, in response, initiate a timely appeal to the Board. According to 38 C.F.R. § 20.200, an appeal to the Board consists of a timely-filed Notice of Disagreement (NOD), in writing, and, after receipt of a Statement of the Case (SOC), a timely-filed Substantive Appeal (VA Form 9 or equivalent statement).

Evidence in the record at the time of the May 2010 decision included the Veteran's original application, his service treatment records (which are unremarkable for any treatment, complaints, or diagnoses referable to depression), post-service VA and private treatment records, a March 2010 VA examination, and lay statements. 

The additional evidence received since the May 2010 decision includes additional VA and private treatment records, lay statements, an October 2015 VA examination (which found that the Veteran's depression was not caused by or the result of his service connected disabilities, but did not address in-service onset) and a report of an October 2016 private psychological evaluation (that notes a diagnosis of unspecified depressive disability which the examiner found likely began in military service and continued uninterrupted to the present).

The October 2016 private examination and opinion is clearly new, as it was not previously in the record and is not cumulative or redundant of evidence that was previously in the record. Moreover, the Board notes that it also relates directly to the previously unestablished element of service connection (i.e., a positive nexus) that formed the primary basis of the May 2010 denial. In light of the above, and particularly considering the low threshold for reopening established under Shade, the Board finds that the new evidence also raises a reasonable possibility of substantiating the underlying claim of service connection. Consequently, new and material evidence has been received and the claim of entitlement to service connection for an acquired psychiatric disability, to include depression, including as due to service-connected hypertension is reopened.

III. Service connection claim

The Veteran contends that his acquired psychiatric disorder, to include depression began in service or was caused or aggravated by his service-connected disabilities. 

Service connection will be granted if it is shown that a veteran suffers from a disability resulting from personal injury suffered or disease contracted in the line of duty, or for aggravation of a preexisting injury suffered or disease contracted in the line of duty, during active military service. 38 U.S.C. §§ 1110 , 1131 (2012); 38 C.F.R. § 3.303 (2017). Disorders diagnosed after discharge will still be service connected if all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303 (d); see also Combee v. Brown, 34 F.3d 1039, 1043 (Fed. Cir. 1994). A pre-existing injury or disease will be considered to have been aggravated during service when there is an increase in disability during service, unless there is a specific finding that the increase in disability is due to the natural progression of the disease. 38 U.S.C. § 1153 (2012); 38 C.F.R. § 3.306 (a) (2017). 

To establish service connection, there must be a competent diagnosis of a current disability; medical or, in certain cases, lay evidence of in-service occurrence or aggravation of a disease or injury; and competent evidence of a nexus between an in-service injury or disease and the current disability. Hickson v. West, 12 Vet. App. 247, 252 (1999); see also Davidson v. Shinseki, 581 F.3d (Fed. Cir 2009); Pond v. West, 12 Vet. App. 341 (1999).

Considering the pertinent evidence of record in light of the governing legal authority, and resolving all reasonable doubt in the Veteran's favor on certain elements of the claim, the Board finds that service connection for an acquired psychiatric disability to include depression (herein after referred to "psychiatric disability"), is warranted. 

The Board notes that the evidence shows a diagnosis of depression; thus, a claimed disability is established. See Davidson, supra. Thus, resolution of this matter turns on the question of whether the Veteran's psychiatric disability is related to his military service. 

The Board notes that the Veteran's service treatment records reflect anxiousness and difficulty sleeping in May 1986, but are silent for any complaints, treatment or diagnosis in relation to depression. The post-service record contains multiple statements from the Veteran's friends, in which they describe his mental health symptoms in the years since his service discharge. They reported that prior to the Veteran's service, he was friendly, outgoing, energetic, fun, intelligent, enjoyed sports, family oriented and was active in his church. However, after he returned from service, he was angry, irritable, depressed, isolated, withdrawn, and easily frustrated. 

In a March 2010 VA examination, the examiner noted that the Veteran reported that he began to hallucinate while in the service, but never sought treatment. The examiner diagnosed the Veteran with schizophrenia, adjustment disorder with depression, and chronic cocaine abuse in remission. The examiner opined that he could not resolve the issue pertaining to secondary service connection without resorting to speculation as the Veteran had several medical disorders such as neck pain, coronary artery disease, and diabetes mellitus in addition to hypertension that caused depressive symptoms as well as depressive symptoms in reaction to the effects of a chronic psychiatric disorder. Therefore it was not possible for the examiner to attribute adjustment disorder solely to service-connected hypertensive vascular disorder. The examiner did not provide an opinion as to direct service connection or comment on the Veteran's allegations of in-service onset. 

During an October 2015 VA Mental Disorders disability benefits questionnaire (DBQ), the examiner opined that the Veteran's depressive disorder was not caused by or the result of the Veteran's service-connected disabilities. The examiner provided the rationale that the Veteran had a long history of polysubstance abuse and schizoaffective disorder which "better explains the etiology of his chronic depression." However, the examiner did not provide an opinion as to when the Veteran's depression began nor any definitive opinion as to direct service connection.

In October 2016, the Veteran underwent a private mental health examination. After a thorough review of the record, an interview of the Veteran, and consultation with accepted medical literature, the examiner diagnosed the Veteran with unspecified depressive disorder, and opined that such more likely than not began during the Veteran's military service and "continued uninterrupted to the present" and was aggravated by the Veteran's chronic kidney disease and coronary artery disease with hypertension. 

It is the responsibility of the Board to assess the credibility and weight to be given the evidence. See Hayes v. Brown, 5 Vet. App. 60, 69-70 (1993) (citing Wood v. Derwinski,1 Vet. App. 190, 192-93 (1992)). The probative value of medical evidence is based on the examiner's knowledge and skill in analyzing the data, and the medical conclusion reached; as is true of any evidence, the credibility and weight to be attached to medical opinions are within the province of the Board. See Guerrieri v. Brown, 4 Vet. App. 467, 470-71 (1993). 

The Board finds that the October 2016 private opinion constitutes competent, probative evidence on the medical nexus question, as the opinion was rendered by a trained medical professional. Her conclusion was clearly based on full consideration of the Veteran's medical history and assertions and the cited medical evidence supplied by the Veteran. In addition, her conclusion was supported by stated rationale. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 301 (2008); see also Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007) (holding that a medical opinion must support its conclusion with an analysis that the Board can consider and weigh against contrary opinions). Thus, the Board finds no adequate basis to reject this supportive opinion, and has accorded it significant probative weight with respect to establishing the nexus element of the claim for service connection, finding that it was written in terms sufficient to warrant application of the benefit of the doubt doctrine. 

By contrast, the March 2010 and October 2015 VA opinions are afforded no probative weight on the question of nexus between the Veteran's military service and his mental illness. The March 2010 examiner could not reach a conclusion on nexus, based on the information of record, and the October 2015 examiner provided no definitive etiological opinion, specifically the examiner did not address direct service connection or the Veteran's contentions that his symptoms began in service. 
When, after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding a point, such doubt will be resolved in favor of the claimant. Gilbert, supra. Given the facts of this case outlined above, and with resolution of all reasonable doubt in the Veteran's favor on the in-service incurrence and medical nexus elements of the claim, the Board finds that the criteria for service connection for an acquired psychiatric disability is met, and the claim is granted.


ORDER

The January 11, 2018 Board denial of the Veteran's petition to reopen the claim of service connection for an acquired psychiatric disability, to include depression, including as due to service-connected hypertension is vacated.

The petition to reopen the claim of service connection for an acquired psychiatric disability, to include depression, including as due to service-connected hypertension is granted.

Service connection for an acquired psychiatric disability, to include depression, is granted. 



____________________________________________
L. M. BARNARD
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs